# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARBUTUS BIOPHARMA CORP. and GENEVANT SCIENCES GMBH, <br><br> Plaintiffs/Counterclaim-Defendants, <br><br> v. <br><br> PFIZER INC. and BIONTECH SE, <br><br> Defendants/Counterclaimants. | Civil Action No. 3:23-cv-1876-ZNQ-TJB |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1–66)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Pfizer Inc. ("Pfizer") and BioNTech SE ("BioNTech," and with Pfizer, "Defendants" or "Counterclaimants"), by and through their undersigned attorneys, hereby request Plaintiffs Arbutus Biopharma Corp. ("Arbutus") and Genevant Sciences GmbH ("Genevant," and with Arbutus, "Plaintiffs" or "Counterclaim-Defendants") to answer the following requests for the production of documents and things ("Requests") fully, in writing, and in accordance with the definitions and instructions set forth below. All documents and things requested below should be produced to the offices of Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, or at a location agreed to by the parties, within thirty (30) days of service hereof. A written response to the Requests is also required pursuant to Rule 34 of the Federal Rules of Civil Procedure.

## DEFINITIONS

1.      The term "document" is used in a comprehensive sense as set forth in Fed. R. Civ. P. 34(a) and means all written or graphic matter, however produced or reproduced, in Plaintiffs'

actual or constructive possession, custody, care or control including, without limitation, originals (or copies where originals are unavailable) of correspondence, e-mail, computer storage media, computer software needed to produce in human-readable form from said computer storage media, instructions for using said computer software, telegrams, notes of any type of personal or telephone conversations, or of meetings or conferences, minutes of directors or committee meetings, memoranda, inter-office communications, studies, analyses, reports, engineering drawings, results of investigations, catalogs, contracts, licenses, agreements, working papers, statistical records, ledgers, books of account, vouchers, invoices, charge slips, freight bills, time sheets or logs, stenographers' notebooks, diaries, or papers similar to any of the foregoing however denominated. "Documents" shall also include drafts of any of the foregoing however denominated. "Documents" shall also mean (1) any copy which is not identical to the original or to any other copy and (2) any tangible thing that is called for by or identified in response to a request for documents.

2.     The terms "communication" or "communications" mean any transmittal of information regardless of the manner in which the communications took place including, without limitation, face-to-face conversations, correspondence, electronic or computer mail, voicemail, telephone calls, facsimile communications or telegrams.

3.     The term "person" means any individual, individuals, business entity or entities that ever existed including, without limitation, corporations, partnerships, governmental entities, associations or business trusts.

4.     When referring to a person, "identify" or "identification" means to give to the extent known, the person's full name, present and last known address, and, when referring to a natural person, the present or last known place of employment.

5.      When referring to documents, "identify" or "identification" means to give, to the extent known, the (i) type of document; (ii) the general subject matter; (iii) the date of the document; and (iv) author(s), addressee(s) and recipient(s).

6.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

7.      Something is "relating to" a subject if it makes a statement about, refers to, mentions, discusses, describes, reflects, deals with, consists of, constitutes, comprises, concerns, evidences, records, or in any way pertains to the subject, whether as a whole or in part, and either directly or indirectly.

8.      The terms "and" and "or" shall be construed both conjunctively and disjunctively and the plural shall be construed as the singular, and vice versa, as necessary and in order to bring within the scope of these Requests any information, documents, or things that might otherwise be construed to be outside their scope.

9.      The use of the singular form of any word includes the plural and vice versa.

10.     The term "including" means including, without limitation.

11.     The terms "Plaintiffs" and "Counterclaim-Defendants" mean Arbutus Biopharma Corp. and Genevant Sciences GmbH, either collectively or singularly, including each of their subsidiaries, parents, subsidiaries of subsidiaries or parents, divisions, affiliates in which they own a majority or a controlling interest, and other organizational or operating units, each of their respective predecessors and successors, and each of their respective employees, officers, directors, attorneys, agents, representatives, and all persons acting or purporting to act on their behalf.

12.     The term "Arbutus" means Arbutus Biopharma Corp.

13.     The term "Genevant" means Genevant Sciences GmbH.

14.    The terms "Defendants" and "Counterclaimants" mean Pfizer Inc. and BioNTech SE.

15.    The term "Pfizer" means Pfizer Inc.

16.    The term "BioNTech" means BioNTech SE.

17.    The term "Roivant" means Roivant Sciences GmbH.

18.    The term "Tekmira" means Tekmira Pharmaceuticals Corporation.

19.    The term "Protiva" means Protiva Biotherapeutics, Inc.

20.    The term "Inex" means Inex Pharmaceuticals Corporation.

21.    The term "Acuitas" means Acuitas Therapeutics Inc.

22.    The term "AlCana" means AlCana Technologies, Inc.

23.    The term "Alnylam" means Alnylam Pharmaceuticals, Inc.

24.    The terms "you" and "your" refer to Plaintiffs and all related entities, as defined above.

25.    The term "Current Litigation" means the lawsuit captioned *Arbutus Pharma Corp. and Genevant Sciences GmbH v. Pfizer Inc. and BioNTech SE*, No. 23-1876 (D.N.J.), pending in the United States District Court for the District of New Jersey, or any such amended caption that should be later adopted.

26.    The term "Moderna Litigation" means the lawsuit captioned *Arbutus Biopharma Corp. and Genevant Sciences GmbH v. Moderna Inc. and ModernaTX, Inc.*, No. 22-252 (D. Del.), pending in the United States District Court for the District of Delaware, or any such amended caption that should be later adopted.

27.    The term "Acuitas Litigation" means the lawsuit captioned *Acuitas Therapeutics Inc. v. Genevant Sciences GmbH and Arbutus Biopharma Corp.*, No. 22-2229 (S.D.N.Y.), pending

in the United States District Court for the Southern District of New York, or any such amended caption that should be later adopted.

28.    The term "Complaint" means the Complaint filed by Plaintiffs in the Current Litigation, or any such amended Complaints that should later be filed.

29.    The term "Counterclaims" means the Counterclaims filed by Defendants in the Current Litigation, or any such amended Counterclaims that should later be filed.

30.    The term "BLA" means Biologics License Application.

31.    The term "FDA" means the U.S. Food and Drug Administration.

32.    The term "Patents-in-Suit" refers to United States Patent No. 9,504,651, United States Patent No. 8,492,359, United States Patent No. 11,141,378, United States Patent No. 11,298,320, United States Patent No. 11,318,098, and any further patents asserted by Plaintiffs in this action, either collectively or singularly.

33.    The term "Related Patent" or "Related Patents" means any U.S. patent, non-U.S. patent, U.S. patent application, or non-U.S. patent application that shares all or substantially all of its specification with the Patents-in-Suit or any patents asserted in the Acuitas Litigation, claims priority to the Patents-in-Suit or any patents asserted in the Acuitas Litigation, or from which the Patents-in-Suit or any patents asserted in the Acuitas Litigation claim priority.

34.    The term "prior art" shall mean subject matter qualifying as prior art pursuant to 35 U.S.C. § 102 and/or § 103, including but not limited to publications, patents, physical devices, products, prototypes, uses, sales, offers for sale, and any documents evidencing the foregoing.

35.    The term "Defendants' BLA" means BLA No. 125742 and any supplement(s) to BLA No. 125742.

36.    The term "Comirnaty®" means the product(s) described in BLA No. 125742 and

any supplement(s) to BLA No. 125742.

## **INSTRUCTIONS**

1.      Each request for documents is continuing in nature.  All documents and things responsive to these Requests that come into the possession, custody, or control of Plaintiffs after they have made their first response to these Requests shall be produced promptly to Defendants in accordance with Plaintiffs' obligation to supplement responses under Federal Rules of Civil Procedure 26(e).

2.      None of these Requests shall be construed with reference to any other Request(s) for purposes of limitation.

3.      Each requested document shall be produced in its entirety, including all attachments and enclosures.  If a portion of a document is responsive to a request, produce the entire document, including all attachments, enclosures, "post-it"-type notes, and any other matter physically attached to the document.  If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

4.      For any document or any portion thereof responsive to any discovery request in this action that has been discarded, destroyed, or redacted in whole or in part, identify the document by type, general subject matter, author(s), and recipient(s); provide a description of the circumstances under which the document was lost, destroyed, or redacted (including the name of the person responsible); and identify all persons with knowledge of the existence or contents of the document.

5.      All documents produced in response to these Requests shall be produced in the same order as they are kept in the ordinary course of business and, where attached, shall not be

separated or disassembled.  If documents responsive to any request are normally kept in a file or folder, also produce that file or folder with any labels attached thereto, and indicate the company, division, department, and/or individual from whose files the document is being produced.  If responsive documents are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs, or any other method, produce such documents in that form.

6.     If, in responding to these Requests, you claim any ambiguity in interpreting either a request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but you shall set forth as part of your response the language deemed to be ambiguous and the interpretation chosen to be used in your response.

7.     In the event that any document called for by these Requests or subsequent Requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that document is to be identified and separately logged by stating:  (i) any addressor and addressee; (ii) any indicated or blind copy; (iii) the document's date, description, subject matter, number of pages and attachments or appendices; (iv) all persons to whom the document was distributed, shown or explained; (v) its present custodian; and (vi) the nature of the privilege or immunity asserted.

8.     For the convenience of the Court and counsel, it is requested that each Request be set forth immediately preceding the answer thereto.

## REQUESTS

## REQUEST FOR PRODUCTION NO. 1:

All documents and things concerning the Patents-in-Suit and all Related Patents.

## REQUEST FOR PRODUCTION NO. 2:

All documents and things concerning the preparation, decision to file, filing, or prosecution

of the Patents-in-Suit or any Related Patents or patent applications including, without limitation, the complete prosecution files for the Patents-in-Suit and all Related Patents including, without limitation, any reexamination, reissue, *inter partes* review, interference, opposition, or cancellation proceedings and pending or abandoned patent applications.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and things concerning any charge of infringement of the Patents-in-Suit or Related Patents against any person including, without limitation, all documents and things sent or received from others in response to any such charge including, without limitation, letters, correspondence, communications, patents, publications, opinions, prior art, infringement/noninfringement analyses, validity/invalidity analyses, offers to negotiate and negotiation materials, and the like.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and things received from any person that refer or relate to the validity, enforceability, invalidity, or claim scope of the Patents-in-Suit or Related Patents including, without limitation, publications, patents, brochures, letters, exhibits attached to or enclosed with letters, notes of telephone conversations, memorandum, opinions, and the like.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and things that support, refute, contradict, or concern any alleged secondary considerations of nonobviousness of any claim of the Patents-in-Suit including, without limitation, long-felt need, failure by others, commercial success, copying, praise for the alleged invention, unexpected results, disbelief by experts, skepticism of those in the art, commercial acquiescence, and simultaneous development.

**REQUEST FOR PRODUCTION NO. 6:**

All prior art to the Patents-in-Suit and Related Patents.

**REQUEST FOR PRODUCTION NO. 7:**

All records concerning the alleged invention of the subject matter described or covered by the Patents-in-Suit and Related Patents including, without limitation, laboratory notebooks, invention disclosure forms, and invention records.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and things that refer or relate to the examples set forth in the specification of the Patents-in-Suit including, without limitation, laboratory notebooks.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and things concerning any preclinical trials regarding the subject matter of the Patents-in-Suit including, without limitation, their protocols, study reports, and data.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and things concerning any clinical trials regarding the subject matter of the Patents-in-Suit including, without limitation, their protocols, study reports, and data.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and things concerning the design of any preclinical or clinical trials concerning the subject matter of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and things concerning any modelling or statistics software used to design, model, or project the outcome of any preclinical or clinical trial concerning the subject matter of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and things concerning any preclinical or clinical trials investigating any product covered by or embodied by a claim of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and things concerning the conception, reduction to practice, whether actual or constructive, and diligence from the date of conception to the reduction to practice of the subject matter recited in any claim of the Patents-in-Suit and Related Patents including, without limitation, laboratory notebooks, presentations, and meeting minutes.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and things concerning each and every contribution of each named inventor named in the Patents-in-Suit and Related Patents.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and things related to the research and development concerning the subject matter recited in the Patents-in-Suit or covered by any claims of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and things concerning the first use, publication, or disclosure of a product or method embodying the subject matter claimed in the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and things concerning any public use or public disclosure of any claimed invention prior to the filing date of the Patents-in-Suit in which it is claimed.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and things concerning the level of ordinary skill in the art at the time of the conception or reduction to practice of the subject matter covered by any claims of the Patents-in-

Suit.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and things concerning each scientific paper or research article concerning the subject matter recited in the Patents-in-Suit or covered by any claims of the Patents-in-Suit, published or considered for publication, by Plaintiffs or under authority or grants from Plaintiffs including, without limitation, laboratory notebooks, drafts, data, protocols, methodologies, meeting minutes, presentations, funding documents, memoranda, notes, and communications.

**REQUEST FOR PRODUCTION NO. 21:**

All communications among or between Plaintiffs, any author of and/or any researcher involved in a scientific paper or research article concerning the subject matter recited in the Patents-in-Suit or covered by any claims of the Patents-in-Suit, published, or considered for publication, by Plaintiffs or under authority or grants from Plaintiffs.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and things concerning any product, licensed or not, regardless of the manufacturer or seller, that Plaintiffs assert are covered by any claim of the Patents-in-Suit including, without limitation, internal analyses, letters, memoranda, evaluation reports, opinion letters, and letters or communications from and to third parties.

**REQUEST FOR PRODUCTION NO. 23:**

All non-privileged documents and things including, without limitation, declarations; statements; affidavits; pleadings; reports, including experts reports; validity or invalidity opinions, including opinions of counsel regarding the validity or invalidity of the Patents-in-Suit; discovery requests and responses; prior art identified by any party; documents concerning validity, including validity and invalidity contentions; transcripts; and all documents produced by

Plaintiffs that support, refute, contradict, or concern any position taken by Plaintiffs, on behalf of Plaintiffs, or any third party including, without limitation, by employees, former employees, scientists, experts, or consultants, concerning the subject matter of the Patents-in-Suit, Comirnaty®, any lipid nanoparticles in Comirnaty®, or any drug product manufacturing processes for Comirnaty® for purposes of the Current Litigation; any U.S. litigation; proceedings before the United States Patent and Trademark Office; any foreign litigation; any proceedings before any foreign patent office or other administrative entity; and any prosecution of the Patents-in-Suit or any Related Patents in U.S. or foreign proceedings including, without limitation, any reexamination, reissue, *inter partes* review, interference, and opposition or cancellation proceedings.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and things produced by Plaintiffs in the Moderna Litigation or the Acuitas Litigation.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and things produced by third parties in the Current Litigation, the Moderna Litigation, or the Acuitas Litigation.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and things concerning the experiments, protocols, descriptions, or data underlying or referenced in a declaration submitted during the prosecution of a patent application underlying a Patent-in-Suit, including but not limited to the Declarations of Dr. James Heyes dated October 22, 2014, May 12, 2015, December 14, 2015, and May 19, 2016 in connection with the prosecution of U.S. App. No. 14/304,578 (issued as U.S. Pat. No. 9,504,651).

**REQUEST FOR PRODUCTION NO. 27:**

All documents and things identified in any initial disclosures made by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(1) and/or the Local Civil Rules, including the Local Patent Rules.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and things including correspondence concerning any settlement, license, understanding, contract, agreement, or commercial arrangement including, without limitation, any preclinical, clinical, manufacturing, distribution, supply, sales, marketing, or promotional correspondence between and among Plaintiffs or any person, whether or not actually entered into, regarding the Patents-in-Suit, the Related Patents, or any product covered by any claim of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and things that refer or relate to any licensing agreement, any negotiations and preparations for negotiations that were conducted prior to entering into any license agreement, any offer to license, or solicitation of a license involving the Patents-in-Suit and the Related Patents including, without limitation, all agreements between Plaintiffs and any third party.

**REQUEST FOR PRODUCTION NO. 30:**

For any license concerning the Patents-in-Suit, all documents and things sufficient to show (1) the dollar amount that Plaintiffs have received to date under the license in payments or royalties by year, and (2) the licensee.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and things sufficient to show any agreement that Plaintiffs believe would be comparable to a reasonable license to any of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and things that refer or relate to any testing, offer for sale, or sale of any product covered by or embodied by a claim of the Patents-in-Suit including, without limitation, promotional materials, brochures, notes from sales meetings, contracts, and demonstration materials.

**REQUEST FOR PRODUCTION NO. 33:**

A sample of each brochure, flyer, catalog, catalog sheet, advertisement, mailer, or other item of promotional material ever used by Plaintiffs or others in the marketing or sale of any product covered by or embodied by a claim of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 34:**

All documents concerning the marketing or promotional expenditures for any product covered by or embodied by a claim of the Patents-in-Suit including, without limitation, the costs of the sales force, product sampling, and all other promotional costs associated with therewith.

**REQUEST FOR PRODUCTION NO. 35:**

All documents concerning any sales, royalty reports, market, profits forecasts, or projections for any product covered by or embodied by a claim of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 36:**

All documents and things that refer to or relate to the marking of any product covered by or embodied by a claim of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and things concerning the marketing, advertising, or promotion for any product covered by or embodied by a claim of the Patents-in-Suit including, without limitation, any marketing plans, advertising plans, promotional programs, continuing medical education

programs, or strategies.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and things that refer or relate to any assignment, license, or any other transfer of any right, title, or interest in the Patents-in-Suit and Related Patents including, without limitation, any correspondence, negotiation, agreement, or other communication.

**REQUEST FOR PRODUCTION NO. 39:**

All documents and things including, without limitation, any experiment, testing, evaluation, or analysis, concerning the research and development of the subject matter claimed in the Patents-in-Suit or any product covered by or embodied by a claim of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and things concerning the FDA's approval of any product covered by or embodied by a claim of the Patents-in-Suit including, without limitation, any hearing transcripts, meeting agendas, meeting minutes, slides, brochures, handouts, pamphlets, presentations, letters, correspondence, and hearing statements.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and things concerning the labeling for any product covered by or embodied by a claim of the Patents-in-Suit including, without limitation, all drafts of labels submitted to the FDA, all drafts of labels to be submitted to the FDA, all versions of the label approved by the FDA, and all documents reflecting discussions with the FDA concerning all labels submitted in conjunction with any product covered by or embodied by a claim of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and things concerning the research and development of the subject matter claimed in the Patents-in-Suit or any product covered by or embodied by a claim of the Patents-

in-Suit that was performed by any former employees, consultants, researchers, and scientists.

**REQUEST FOR PRODUCTION NO. 43:**

All documents and things that compare Comirnaty®, any lipid nanoparticles in Comirnaty®, or any drug product manufacturing processes for Comirnaty® to any claim of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and things upon which Plaintiffs relied on or in any way formed the basis for the Complaint and Plaintiffs' answers to the Counterclaims in the Current Litigation.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and things which support, refute, contradict, or concern any contention by Plaintiffs of infringement by Defendants of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and things concerning Comirnaty®, any lipid nanoparticles in Comirnaty®, or any drug product manufacturing processes for Comirnaty® described in Defendants' BLA including, without limitation, any experiments, testing, evaluation, or analysis performed by Plaintiffs or by any third party at the request of Plaintiffs, and correspondence relating thereto.

**REQUEST FOR PRODUCTION NO. 47:**

All documents and things concerning the CNN interview titled "Take an exclusive look inside a busy Covid-19 vaccine facility," which was first aired on March 31, 2021, including, without limitation, communications and correspondence.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and things concerning any communications with any Defendant regarding the Patents-in-Suit, Comirnaty®, any lipid nanoparticles in Comirnaty®, or any drug product manufacturing processes for Comirnaty® including, without limitation, any communications

concerning any settlement, license, understanding, contract, agreement, or commercial arrangement.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and things relating to Plaintiffs' practice, policy, or procedure for the retention of documents and/or classes or categories of documents including, without limitation, e-mail communications, spreadsheets, presentation materials, word processing materials, and/or product development materials.

**REQUEST FOR PRODUCTION NO. 50:**

All agreements with current and former employees, consulting agreements, confidentiality agreements, or other writings signed by persons concerning the research, development, testing, or evaluation of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 51:**

Organizational charts of Plaintiffs from 2000 to present.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and things Plaintiffs may use as an exhibit in any trial, hearing, submission to the Court or deposition in this action.

**REQUEST FOR PRODUCTION NO. 53:**

Documents sufficient to identify the names, job titles, and duties of each person identified by Plaintiffs in their initial disclosures as an individual who may possess relevant information pursuant to Rule 26 of the Federal Rules of Civil Procedure and/or the Local Civil Rules.

**REQUEST FOR PRODUCTION NO. 54:**

Curricula vitae of each person identified by Plaintiffs in their initial disclosures as an individual who may possess relevant information pursuant to Rule 26 of the Federal Rules of Civil

Procedure and/or the Local Civil Rules.

**REQUEST FOR PRODUCTION NO. 55:**

All documents and things upon which Plaintiffs relied on or in any way formed the basis for any response to Defendants' Requests.

**REQUEST FOR PRODUCTION NO. 56:**

All documents and things concerning the research and development, including, without limitation, any experiments, modeling, analysis, evaluation, and/or testing, of lipid vesicles comprising a cationic lipid, an amphipathic lipid, and a polyethyleneglycol (PEG)-lipid to fully encapsulate messenger RNA (mRNA) or any other nucleic acid, including, without limitation, diameters of lipid vesicles, molar ratios of lipids, and percentages of mRNA or any other nucleic acid fully encapsulated.

**REQUEST FOR PRODUCTION NO. 57:**

All documents and things concerning the research and development, including, without limitation, any experiments, modeling, analysis, evaluation, and/or testing, of nucleic acid-lipid particles comprising a nucleic acid, a cationic lipid, a non-cationic lipid, and a conjugated lipid that inhibits aggregation of particles, including, without limitation, molar ratios of lipids and percentages of nucleic acid fully encapsulated.

**REQUEST FOR PRODUCTION NO. 58:**

All documents and things concerning the research and development, including, without limitation, any experiments, modeling, analysis, evaluation, and/or testing, of nucleic acid-lipid particles consisting essentially of an RNA, a cationic lipid having a protonatable tertiary amine, a mixture of a phospholipid and cholesterol, and a PEG-lipid conjugate, including, without limitation, molar ratios of lipids and percentages of nucleic acid fully encapsulated.

**REQUEST FOR PRODUCTION NO. 59:**

All documents and things concerning the research and development, including, without limitation, any experiments, modeling, analysis, evaluation, and/or testing, of an apparatus for producing a lipid vesicle encapsulating a nucleic acid within the lipid vesicle with a first reservoir containing an aqueous solution including a nucleic acid, a second reservoir containing an organic lipid solution, a pump mechanism configured to pump the aqueous solution and the organic lipid solution into a mixing chamber where the aqueous solution and the organic lipid solution are introduced into the mixing chamber as opposing flows and the aqueous solution and the organic solution are introduced into the mixing chamber (1) at different flow rates relative to each other or (2) at the same flow rate, including, without limitation, all test results, diameters of lipid vesicles, molar ratios of lipids, percentages of nucleic acid fully encapsulated, and whether the lipid vesicle was instantaneously formed by diluting the concentration of the lower alkanol in the organic lipid solution.

**REQUEST FOR PRODUCTION NO. 60:**

All documents and things concerning the research and development, including, without limitation, any experiments, modeling, analysis, evaluation, and/or testing, of a process for producing a lipid vesicle encapsulating a nucleic acid within the lipid vesicle with a first reservoir containing an aqueous solution including a nucleic acid, a second reservoir containing an organic lipid solution, a pump mechanism configured to pump the aqueous solution and the organic lipid solution into a mixing chamber where the aqueous solution and the organic lipid solution are introduced into the mixing chamber as opposing flows and the aqueous solution and the organic solution are introduced into the mixing chamber (1) at different flow rates relative to each other or (2) at the same flow rate, including, without limitation, all test results, diameters of lipid vesicles,

molar ratios of lipids, percentages of nucleic acid fully encapsulated, and whether the lipid vesicle was instantaneously formed by diluting the concentration of the lower alkanol in the organic lipid solution.

**REQUEST FOR PRODUCTION NO. 61:**

All documents and things concerning any contemplated, planned, and/or initiated effort(s) by Plaintiffs, alone or in collaboration with any other entity or entities, to develop any vaccine, drug product, and/or therapy related to SARS-CoV-2, including without limitation research and development documents, meeting minutes, agendas, analyses, drafts, testing data, batch records, reports, experiments, studies, models, assays, protocols, laboratory notebooks, correspondence, letters, negotiation materials, proposed and/or executed agreements, business plans, manufacturing plans, presentations, funding documents, memoranda, notes, licenses, regulatory documents, promotional materials, and the like.

**REQUEST FOR PRODUCTION NO. 62:**

All documents and things concerning any agreement contemplated or entered into by and between Arbutus, Genevant, Roivant, Tekmira, Protiva, Inex, Acuitas, AlCana, Alnylam, and/or the University of British Columbia, including but not limited to any research agreements, development agreements, license agreements, and settlement agreements.

**REQUEST FOR PRODUCTION NO. 63:**

All communications, including negotiations, relating to any agreement contemplated or entered into by and between Arbutus, Genevant, Roivant, Tekmira, Protiva, Inex, Acuitas, AlCana, Alnylam, and/or the University of British Columbia.

**REQUEST FOR PRODUCTION NO. 64:**

All documents and things concerning any U.S. or foreign litigations, patent office proceedings, or civil actions involving Plaintiffs and one or more of the following parties:  Acuitas, AlCana, Alnylam, and/or the University of British Columbia, including without limitation all actions and proceedings concerning *Tekmira Pharmaceuticals Corp., et al. v. Alnylam Pharmaceuticals, Inc., et al.*, Civ. A. No. 11-1010-BLS2 in Massachusetts state court; *Alnylam Pharmaceuticals, Inc., et al. v. Tekmira Pharmaceuticals Corp.*, Civ. A No. 1:12-CV-10087 in the United States District Court for the District of Massachusetts; arbitration between Arbutus and the University of British Columbia; and arbitration between Arbutus and Acuitas.

**REQUEST FOR PRODUCTION NO. 65:**

All communications between Plaintiffs and Roivant, Acuitas, AlCana, Alnylam, and/or the University of British Columbia relating to the research, design, development, manufacture, testing, or evaluation of any lipid-based carriers.

**REQUEST FOR PRODUCTION NO. 66:**

All communications between Plaintiffs and Roivant, Acuitas, AlCana, Alnylam, and/or the University of British Columbia relating to the research, design, development, manufacture, testing, or evaluation of any impingement jet mixing technology.

Dated: August 11, 2023

/s/Liza M. Walsh
Liza M. Walsh
Mariel L. Belanger
Jessica K. Formichella
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100
lwalsh@walsh.law
mbelanger@walsh.law
jformichella@walsh.law
lmalakoff@walsh.law

Sara Tonnies Horton
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle Drive
Chicago, Illinois 60654
(312) 728-9040
SHorton@willkie.com

Michael W. Johnson, Esq.
Heather M. Schneider, Esq.
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
MJohnson1@willkie.com
HSchneider@willkie.com

*Attorneys for Defendant/Counterclaimant
Pfizer Inc.*

/s/William P. Deni, Jr.
William P. Deni, Jr.
J. Brugh Lower
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
wdeni@gibbonslaw.com
jlower@gibbonslaw.com

OF COUNSEL:

Bruce M. Wexler (*pro hac vice* forthcoming)
Eric W. Dittmann (*pro hac vice* forthcoming)
Isaac S. Ashkenazi (*pro hac vice*
forthcoming)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000

Simon F. Kung (*pro hac vice* forthcoming)
PAUL HASTINGS LLP
1117 California Avenue
Palo Alto, California 94304
(650) 320-1800

*Attorneys for Defendant/Counterclaimant
BioNTech SE*

- 22 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 11, 2023, I caused DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1–66) to be served on counsel for Plaintiffs by email.

Dated:  August 11, 2023

<u>*s/ Jessica K. Formichella*</u>
Jessica K. Formichella