UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARBUTUS BIOPHARMA CORP. and GENEVANT SCIENCES GMBH,<br><br>  Plaintiffs,<br><br>  v.<br><br>PFIZER INC. and BIONTECH SE,<br><br>  Defendants | Civil Action No. 3:23-1876-ZNQ-TJB<br><br>**ORDER SEALING CERTAIN MATERIALS**<br><br>*Document Filed Electronically* |

THIS MATTER having been opened to the Court by Plaintiffs Arbutus Biopharma Corp. and Genevant Sciences GmBH (collectively, "Plaintiffs") and Defendants Pfizer Inc. ("Pfizer") (Plaintiffs and Pfizer collectively, "the parties"), seeking an order sealing materials pursuant to Local Civil Rule 5.3 (the "Motion"); and Defendant BioNTech SE. having not opposed the Motion; and the Court, having considered the papers submitted in support of and in opposition to the Motion, hereby makes the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

1. On July 11, 2024, Plaintiffs filed this Motion to Seal (the "Motion"), pursuant to Local Civil Rule 5.3, seeking to seal the following:

    a. Letter from Arnold B. Calmann, Esq. to the Honorable Tonianne J. Bongiovanni, U.S.M.J., dated May 29, 2024 and Exhibits A-F annexed thereto (ECF No. 73);

    b. Letter from William P. Deni, Jr. to the Honorable Tonianne J. Bongiovanni, U.S.M.J., dated June 14, 2024 and Exhibits B-E annexed thereto ) (ECF No. 79);

      c.      Letter from William P. Deni, Jr. to the Hon. Tonianne J. Bongiovanni, U.S.M.J., dated June 17, 2024 and Exhibits 1-8 annexed thereto (D.E. 81);

      d.      Letter from William P. Deni, Jr. to the Hon. Tonianne J. Bongiovanni, U.S.M.J., dated June 20, 2024 (D.E. 85); and

      e.      Letter from Arnold B. Calmann, Esq. to the Honorable Tonianne J. Bongiovanni, U.S.M.J., dated June 24, 2024 and Exhibit A annexed thereto (ECF No. 86).("Confidential Material").

2.      The parties set forth the Confidential Material that they seek to seal, the basis for sealing, and the alleged injury that will result if the Confidential Material is not sealed in the Index filed with the Declaration of Nicola R. Felice ("Felice Decl.") and in the Index filed with the Declaration of Liza M. Walsh ("Walsh Decl.") in support of the Motion.

3.      The parties have moved to seal the Confidential Material that they contend contain their confidential information (collectively the "Confidential Information"), as indicated in the Felice Decl. and the Walsh Decl.

4.      The Confidential Information concerns the parties' confidential proprietary business information.  *See generally* Felice Decl. and Walsh Decl.

5.      The Confidential Information discloses, cites, discusses, relies upon, and comprises confidential information that the parties have a legitimate interest in protecting from competitors in the marketplace that could utilize such information to gain an unfair competitive advantage to the parties' detriment. *See generally* Felice Decl. and Walsh Decl.

6.      A clearly defined and serious injury will result to the parties if they are not permitted to keep the Confidential Information under seal. Specifically, the Confidential Information relates to the parties' private confidential business information that would be

compromised and expose the parties to substantial financial risk and serious injury should they become publicly available.

7. There is no less restrictive alternative to maintaining the Confidential Information under seal. Only the confidential information included in the Confidential Material will be restricted from public access, which is a necessary compromise in a litigation involving private litigants.

## **CONCLUSIONS OF LAW**

8. Common law recognizes a public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

9. This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

10. Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."

*Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

11. Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing. *See Littlejohn*, 851 F.2d at 678 (citations omitted).

12. The District of New Jersey has held that the inclusion of trade secrets and other confidential information in documents warrant the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id.* (citations omitted).

13. Under Local Civil Rule 5.3(c)(2), the party seeking to seal documents must describe why no less restrictive alternative to the relief sought is available.

14. The District Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

15. The sealing of confidential documents and information is an accepted practice in the District of New Jersey. *See, e.g.*, *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653 (D.N.J. 2004).

16. For all the above reasons, and because Plaintiffs' interests in the Confidential Information identified herein outweigh the minimal, if any, public interest in its disclosure, there is good cause to grant the instant Motion.

## **ORDER**

Pursuant to the foregoing Findings of Fact and Conclusions of Law:

**IT IS** on this 29th day of July , 2024,

**ORDERED** that the parties' Motion be and the same is hereby **GRANTED**; and it is further

**ORDERED** that the Confidential Information shall be permanently sealed and maintained under seal by the Court; and it is further

**ORDERED** that the Clerk of Court is hereby directed to TERMINATE the Motion pending at Docket Entry No. 104.

**SO ORDERED**.

 s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**