**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(609) 989-2040**

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

**U.S. COURTHOUSE**
**402 E. STATE STREET, RM 6052**
**TRENTON, NJ 08608**

July 12, 2024

**LETTER ORDER**
**(FILED UNDER TEMPORARY SEAL)**

**Re: Arbutus Pharma Corp., et al. v. Pfizer Inc., et al.**
**Civil Action No. 23-1876 (ZNQ)**

Dear Counsel:

Pending before the Court are discovery issues briefed in the parties' letters filed at Docket Entry Nos. 73, 79, 81, 82. 85, 86, and 87. On July 2, 2024, the Court conducted a discovery conference to discuss the parties' issues. One issue concerns Defendants' production of samples of its vaccine and the raw ingredients that comprise the vaccine, as well as what batch records should be produced. [redacted] . As a result, the Court addresses that issue along with the disputes concerning whether Defendants should be compelled to produce the raw ingredients that comprise their vaccine and what batch records should be produced. In addition to the correspondence noted above, the Court has also considered Defendants' most recent proposal regarding their production of samples and batch records submitted via email on July 1, 2024, and Plaintiffs' response thereto submitted via email on July 11, 2024.

As with all discovery issues, the Court has broad discretion in deciding the parties' dispute concerning the samples and batch records to be produced by Defendants. *See United States v. Washington*, 869 F.3d 193, 220 (3d Cir. 2017) (noting that "[a]s we have often said, matters of docket control and discovery are committed to [the] broad discretion of the district court"); *Halsey v. Pfeiffer*, Civil Action No. 09-1138, 2010 WL 3735702, at *1 (D.N.J. Sept. 17, 2010) (noting that "[d]istrict courts provide magistrate judges with particularly broad discretion in resolving discovery disputes"); *Gerald Chamles Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) (stating that it is "well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues[.]") In exercising this discretion, the Court remains mindful of the fact that to be discoverable, information must be both relevant and proportional to the needs of the case, and that the burden of production must not outweigh its likely benefit. *See* FED.R.CIV.P. ("Rule") 26(b).

After fully reviewing and considering all arguments raised by the parties, the Court directs the parties as follows with respect to Defendants' production of samples and batch records:

1. As outlined in their proposal submitted on 7/1/2024, [redacted]. This production shall be made as soon as practical, but no later than **8/2/2024**.

2. With respect to Defendants' Fall 2024 vaccine, [redacted] This production shall be made as soon as practical, but no later than **8/16/2024**.

3.  . This production shall be made as soon as practical, but no later than **8/16/2024**.

4. With respect to batch records, the Court finds Defendants' proposal  This production shall be made as soon as practical, but no later than **8/2/2024**.

5. The Court shall not require Defendants to produce samples of the raw ingredients of their vaccine. As set forth above, Defendants are producing a significant quantity of their accused product. To the extent Plaintiffs require information regarding the individual raw ingredients, the Biologics License Application and the batch records being produced will provide sufficient information. Requiring more would be neither reasonable nor proportional to the needs of this case.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT FILE THIS LETTER ORDER UNDER A TEMPORARY SEAL.**

**IT IS FURTHER ORDERED THAT TO THE EXTENT THE PARTIES BELIEVE THAT ALL OR PART OF THIS LETTER ORDER SHOULD BE FILED UNDER A PERMANENT SEAL, THEY FILE A JOINT MOTION TO SEAL THAT COMPLIES WITH L.CIV.R. 5.3 BY 8/9/2024.**

s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**