

**Arnold B. Calmann**
**(973) 645-4828**
**abc@saiber.com**

July 31, 2024

**BY ELECTRONIC FILING**
**FILED UNDER SEAL**

Hon. Tonianne J. Bongiovanni, U.S.M.J.
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re:   *Arbutus Biopharma Corp et al. v. Pfizer Inc. et al.*, Case No. 3:23-cv-04200-ZNQ-TJB

Dear Judge Bongiovanni:

We represent the Plaintiffs along with our co-counsel for Arbutus Biopharma Corp., Morrison & Foerster LLP, and co-counsel for Genevant Sciences GmbH, Quinn Emanuel Urquhart & Sullivan, LLP. We are writing further to the July 2, 2024 conference, during which your Honor requested a July 31 update concerning the status of discovery. We also make reference below to the Court's July 12, 2024 order concerning the production of product samples (Dkt. 107, the "Order").

## Introduction

As discussed below, the parties have made good progress as to document discovery, samples of vaccine currently available to the public, and samples of the Fall 2024 vaccine, and there are no issues regarding these matters for the Court to resolve at this time. On the other hand, significant concerns have arisen regarding ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ As to this last issue, although additional judicial relief may become necessary depending on the outcome of the parties' ongoing meet and confer process, Plaintiffs respectfully request issuance at this time of an order requiring Defendants to disclose ████████████████████████████████████████

## Undisputed Issues

The parties have made progress regarding document discovery, having recently agreed on the search terms to be applied to Defendants' custodial and non-custodial documents. Moreover, as to Plaintiffs' documents, (a) Plaintiffs have completed their production of non-custodial documents, and (b) the parties have reached agreement regarding all but one search term to be applied to Plaintiffs' custodial documents. And, as discussed during the July 2 hearing, Plaintiffs

have produced lab notebooks with the research underlying the inventions claimed in the patents-in-suit. Plaintiffs do not believe there are any issues requiring Court intervention at this time.

The parties have also made some progress regarding Defendants' obligation to produce █████████. Nonetheless, Defendants have indicated that they will update the Court and Plaintiffs by August 30, 2024, as to the availability of █████████. Plaintiffs will update the Court on these matters to the extent necessary.

**Disputed Issue:** █████████

The Order requires Defendants to produce, █████████ Nonetheless, based on currently-available information, Plaintiffs have several serious concerns, including as to implications for Defendants' ability █████████ required by the Order.

*First,* and most fundamental, █████████ Plaintiffs have asked for this information. Rather than make a meaningful or transparent disclosure on an issue of such obvious significance, Defendants failed to mention it at any point in the past ████████.[1] It is important that that information be provided forthwith.

*Second*, █████████

---

[1] █████████ Plaintiffs have requested a meet and confer regarding that issue.

███████████████████████████████████████████████████████████████████

**Third**, the ███████████████████████████ raises questions about Defendants' compliance with their ████████████████. Hints of this issue surfaced during the July 2 hearing, when ████████████████████████████████████████████ *four months* after Plaintiffs filed the Complaint and almost *three years* after Plaintiffs sent the first of several pre-complaint letters notifying Defendants of potential infringement (*see* Compl. ¶¶ 57–60).³ ██████████████████████████████████████████████████

In view of the foregoing, Plaintiffs respectfully request issuance of an order directing Defendants ████████████████████████████████████ a request Plaintiffs communicated to Defendants in emails dated July 9, July 17, and July 24, and which Defendants refused to comply with in emails dated July 25 and 29, on the purported basis that ████████████████████████.⁴ Plaintiffs anticipate that there will be additional disputes regarding formal document requests that Plaintiffs served on July 25, which seek information concerning ████████████████████████████████████████████; although Defendants'

---

² ████████████████████████████████████████████

³ *See Major Tours, Inc. v. Colorel*, 2009 WL 2413631 at *3-4 (D.N.J. Aug. 4, 2009) (duty to preserve attached when defendants received a pre-complaint notice letter); *id.* at *4 ("[D]uty to preserve … extends to that period before litigation 'when a party should have known that the evidence may be relevant to future litigation.'") (quoting *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)).

⁴ A mere date is plainly not work product. *See, e.g.*, *Boyington v. Percheron Field Servs., LLC*, No. 3:14-CV-90, 2016 WL 6068813, at *11 (W.D. Pa. Oct. 14, 2016) (holding that "the information surrounding preservation efforts" is not privileged and ordering production of "a list of the individuals and custodians who received a litigation-hold notice for this case, … includ[ing] the date each notice was issued and the categories of data … targeted for preservation as well as the steps … taken to date to preserve this data"). Even were that not true, Plaintiffs have a "substantial need" for the information and cannot "obtain [its] substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).

responses to those requests are due on August 24 by default, Plaintiffs plan to discuss with Defendants expediting the responses to those requests because it seems likely that Defendants will object to all of them. Plaintiffs will provide an update on the status of these likely disputes after conferring with Defendants.

*Fourth*, despite the numerous issues Plaintiffs have identified with the information Defendants have produced so far, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ That is mistaken. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

### Conclusion

The parties are scheduled to meet and confer tomorrow regarding many of the issues discussed above. We are therefore not requesting specific relief from the Court at this time, other than as to the request noted "Third" above concerning ███████████████████████. Nonetheless, we felt it was appropriate to provide the somewhat detailed discussion above because the Court requested a status update, the issues have implications for several near-term deadlines in the Order, and the Court has previously indicated that it considers "[t]he issue regarding Defendants' production of samples [to be] particularly time-sensitive" (ECF 107 at 1).

We appreciate the Court's continued assistance.

Respectfully submitted,

Arnold B. Calmann

cc: Counsel of record (by CM/ECF and electronic mail)

---

5 ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████