

THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

WALSH.LAW

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

CONTAINS HIGHLY CONFIDENTIAL INFORMATION
BY ELECTRONIC FILING
FILED UNDER SEAL

August 8, 2024

**VIA ECF**
Hon. Tonianne J. Bongiovanni, U.S.M.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

  Re: *Arbutus Biopharma Corp., et al. v. Pfizer Inc., et al.*
     **Civil Action No.: 3:23-cv-01876 (ZNQ-TJB)**

Dear Judge Bongiovanni:

  This firm, together with Willkie Farr & Gallagher LLP, represents Defendant Pfizer Inc. ("Pfizer") in the above-captioned matter. We write on behalf of Pfizer and BioNTech SE ("BioNTech" and collectively with Pfizer, "Defendants") pursuant to the August 2, 2024 email from Your Honor's law clerk.[1]

  Defendants respectfully submit that Plaintiffs' request should be denied for several reasons. Plaintiffs premature Letter failed to address, or even acknowledge, that pursuant to the Stipulated Order Governing Discovery Including Discovery of Electronically Stored Information ("ESI"), entered *in this case* the information they seek is protected and undiscoverable. (ECF No. 56, the "ESI Order" at 4, ¶1(f)(iii).) Defendants informed Plaintiffs that their continued demands for this information were contrary to the ESI Order on both July 25 and July 31 before Plaintiffs' Letter was filed. Despite this, Plaintiffs ignored the plain text of the ESI Order in their Letter to the Court. Nor have Plaintiffs addressed how their request does not violate the ESI Order. For this reason alone, Plaintiffs' request should be denied.

---

[1] On August 1, Defendants requested permission to respond to Plaintiffs' July 31 Letter. ECF No. 130. Defendants understood the Court's August 2 instruction as permitting Defendants the opportunity to respond to Plaintiffs' Letter, as Defendants had requested. To the extent the Court's email was intended to instruct Defendants to ████████████████████████████████████████, rather than responding to the Plaintiffs, Defendants respectfully request the Court consider the instant letter and deny Plaintiffs' request.

Hon. Tonianne J. Bongiovanni, U.S.M.J.
August 8, 2024
Page 2

As further described below, ███████████████████████████████████████████████████████, but the purported facts Plaintiffs use to support inquiry into that issue are both incorrect and based on a misreading of the Court's July 12, 2024 Letter Order regarding samples and batch information (the "July 12 Order").

1. ███████████████████████████████████████ **Are Not Discoverable under the ESI Order.**

Early in the case, the parties heavily negotiated a Stipulated Order Governing Discovery Including Discovery of ESI. The Court entered the ESI Order on March 4, 2024. (ECF No. 56.) The ESI Order plainly states that "activities undertaken in compliance with the duty to preserve information, [] ***are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B)***." (*Id.* at 4, ¶ 1(f)(iii)) (emphasis added.)[2] As such, the information Plaintiffs seek is "protected from disclosure."

Nonetheless, Plaintiffs' Letter to the Court on July 31 requested information about Defendants' ███████████, stating that "Defendants refused to comply with [this request] in emails dated July 25 and July 29." But in responses to Plaintiffs on July 25 and July 31, Defendants reminded Plaintiffs that the information sought is protected from disclosure by the agreed ESI Order, and was inconsistent with the correspondence between the parties negotiating the ESI Order, other ESI protocols agreed to by Plaintiffs' lead law firm, and the Arbutus/Moderna litigation. (Emails from H. Schneider to N. Felice, July 25 and July 31, 2024.) In an email response to Defendants on July 29, Plaintiffs failed to respond to Defendants' position that the ESI Order expressly protects disclosure of this type of information. Further, Plaintiffs did not respond to Defendants' July 31 email at all. Nor did they provide a response regarding the ESI Order during a meet and confer that occurred on August 1. Notably, in their Letter to the Court on July 31, **Plaintiffs omitted all mention of the ESI Order,** and Defendants' reference to it in the parties' correspondence.

Plaintiffs also mischaracterize Defendants' position,  That is not correct. Defendants' position is that information about "activities undertaken in compliance with the duty to preserve information," ███████████████, "are protected from disclosure and discovery" pursuant to the

---

[2] Defendants discussed this provision with Plaintiffs during the negotiations of the ESI Order, and Plaintiffs did not suggest any edits to it. That makes sense because this language is fairly standard—for example, it appears in ESI protocols negotiated by Plaintiffs' lead firm in other cases. (*See, e.g., Sanofi-Aventis U.S. LLC et al. v. Merck Sharp & Dohme Corp.*, 17-5914-SRC-CLW (D.N.J.) Dkt. No. 28; *Merck Sharp & Dohme Corp. v. Royalty Pharma Collection Trust*, No. 15-757-GMS (D. Del.) Dkt. No. 46; *Merz Pharmaceuticals, LLC v. Par Pharmaceuticals, Inc. et al.*, No. 12-1723-SLR (D. Del.) Dkt. No. 38) and has even been adopted as a default in other courts (*see* Delaware Default Standard for Discovery.) Moreover, this default standard also applies in the *Arbutus et al. v. Moderna et al.* case. (*See Arbutus Biopharma Corp. et al. v. Moderna, Inc. et al.,* No. 22-252-MSG (D. Del.) Dkt. No. 111.)

Hon. Tonianne J. Bongiovanni, U.S.M.J.
August 8, 2024
Page 3

ESI Order. In fact, the ESI Order does not even require the parties to provide this information on privilege logs, let alone provide more details.

Plaintiffs have not sought to amend the ESI Order, and, in demanding information about Defendants' ███████ are now asking the Court for relief that the heavily negotiated ESI Order specifically does not permit. Thus, the Court can deny Plaintiffs' request outright as inconsistent with the ESI Order.

2. ███████████████████████████████████████

Plaintiffs suggest that they have some kind of "substantial need" for Defendants' ███████ because ████████████████████████████████████████ (Letter at 3 & n.4.) Plaintiffs' Letter contends, without authority, that ███████████ (Letter at 3, emphasis in original.) Plaintiffs are wrong because ████████████████████████████████████████████████████████████████████████

*First*, Plaintiffs' position that Defendants ████████████████ is not reasonable, nor proportional to the needs of the case. (Letter at 3.) Further, the Court's July 12 Order, issued after multiple letter briefs and a lengthy oral hearing, already recognized that ████████████████████ (*See* ECF 107 at 3, ¶3 ██████████████████████████████████████████████████████████████████████████████████████████████████████

---

3 ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

*Second*, Defendants ▮▮▮ Pursuant to the Court's July 12 Order, ▮▮▮

*Third*, Plaintiffs' July 31 Letter was premature, and therefore is inaccurate and out-of-date. As a result of the parties' correspondence and further meet and confer efforts, ▮▮▮

Hon. Tonianne J. Bongiovanni, U.S.M.J.
August 8, 2024
Page 5

███████████████████████████████████
███

    Defendants continue to work in good faith with Plaintiffs on these issues. Plaintiffs have no reasonable justification to delve into the details of Defendants' ███████, especially in view of the plain text of the ESI Order.

    For the foregoing reasons, Defendants respectfully request the Court deny Plaintiffs' request to order the disclosure of ███, or any other information about the Defendants' ███ or document preservation efforts in this case.

    As always, we thank the Court for its attention to this matter and we are available should Your Honor or Your Honor's staff have any questions or need anything further.

                                                      Respectfully submitted,

                                                      *s/ Liza M. Walsh*

                                                      Liza M. Walsh

---

[1] ████████████████████████████████████████████████████████████████████████████████████████