**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

<table>
<tr><td>

ARBUTUS BIOPHARMA CORP. and
GENEVANT SCIENCES GMBH,

      Plaintiffs,

v.

PFIZER INC. and BIONTECH SE,

      Defendants.

</td><td>

Civil Action No. 3:23-cv-01876
(ZNQ-TJB)

**PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW IN
SUPPORT OF MOTION TO SEAL**

*Electronically Filed*

</td></tr>
</table>

Pursuant to Local Civil Rule 5.3(c), Defendant Pfizer Inc. ("Pfizer") submits these proposed findings of fact and conclusions of law in support of sealing limited portions of the following (collectively, "Confidential Submissions"):

  a. Defendants' Letter to the Hon. Tonianne J. Bongiovanni, U.S.M.J., dated July 31, 2024 (D.E. 128);

  b. Plaintiffs' Letter to the Hon. Tonianne J. Bongiovanni, U.S.M.J., dated July 31, 2024 (D.E. 129); and

  c. Defendants' Letter to the Hon. Tonianne J. Bongiovanni, U.S.M.J., dated August 8, 2024 (D.E. 131).

Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of:

  (1) the nature of the materials or proceedings at issue;

  (2) the legitimate private or public interest which warrants the relief sought;

(3)     the clearly defined and serious injury that would result if the relief sought is not granted; and

(4)     why a less restrictive alternative to the relief sought is not available.

Set forth below are the findings of fact and conclusions of law addressing each of the elements of Local Civil Rule 5.3(c).  These findings of fact and conclusions of law support the granting of Pfizer's Motion to Seal the Confidential Submissions:

## I.    The Nature of the Materials or Proceedings at Issue

### A.    Findings of Fact

1.    This is a commercial patent dispute between private parties. The Confidential Submissions contain and/or reflect information that the parties have designated as "Confidential" pursuant to the Stipulated Confidentiality Order, entered by this Court on December 18, 2023 (D.E. 54) ("DCO").

2.    The Confidential Submissions disclose Pfizer's nonpublic and proprietary competitively sensitive technical information and highly sensitive business information that it maintains in confidence and is of the type that is treated as confidential and proprietary generally. In particular, portions of the Confidential Materials contain information relating to samples of the Accused Product, proposals and negotiations between the parties, and records marked HIGHLY CONFIDENTIAL.  (Walsh Decl.[1] ¶ 5).

---

[1] "Walsh Decl." refers to the Declaration of Liza M. Walsh on behalf of Pfizer in support the Motion to Seal, submitted herewith.

**B.      Conclusions of Law**

3.      There exists in civil cases a common law public right of access to judicial proceedings and records.  Goldstein v. Forbes (In re Cendant Corp.), 260 F.3d 183, 192 (3d Cir. 2001) (citing Littlejohn v. BIC Corp., 851 F.2d 673, 677-78 (3d Cir. 1988)).  The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect."  Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)).

4.      This Court has the power to seal where confidential information may be disclosed to the public.  Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace.  See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

**II.      The Legitimate Private or Public Interest Which Warrants the Relief Sought**

**A.      Findings of Fact**

5.      The confidential information in the Confidential Submissions relates to information that Pfizer considers confidential and proprietary information.   (Walsh Decl. ¶¶ 5-6).

6.      Counsel for Pfizer has submitted a Declaration stating that Pfizer has an interest in not publicly disclosing this information and relies on such information to advance its business strategies and to maintain a competitive advantage.  (See generally Walsh Decl.).

7.      Commercially sensitive and proprietary information, such as non-public information relate to Pfizer's confidential business information, from which competitors could identify Pfizer's commercial interests embodies content which, if disclosed, would likely harm Pfizer's competitive standing in the marketplace.  (Id.).

8.      Plaintiffs and Pfizer – private parties – are in a patent dispute.  Pfizer has a legitimate interest in ensuring that its confidential and proprietary non-public information remains undisclosed.  If this information were to become available, the competitors could and would likely use that information in the highly competitive pharmaceutical product marketplace.  (Id.).

**B.      Conclusions of Law**

9.      Courts have recognized that the presumption of public access is not absolute and may be rebutted.  Republic of the Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 662 (3d Cir. 1991).  "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  Littlejohn, 851 F.2d at 678 (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)).

10.     Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing.  See Littlejohn, 851 F.2d at 678 (citations omitted).

11.     Courts in this District have held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents.  "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'"  In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted).  As such, "[t]he presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure."  Id. (citations omitted).

III.   **The Clearly Defined and Serious Injury that Would Result if the Relief Sought Is Not Granted**

A.   **Findings of Fact**

12.   In light of their reference to, and disclosure of, non-public information that is otherwise unavailable to third parties, the public disclosure of the confidential information in the Confidential Submissions poses a substantial risk of harm to Pfizer's legitimate proprietary interests and competitive position.  (Walsh Decl. ¶¶ 8-9).

13.   Disclosure of such specific confidential information would permit competitors to undercut or otherwise counter the parties' commercial performance.  (Id.).

14.   Competitors would improperly benefit from the disclosure of Pfizer's non-public information and would likely use the highly confidential or confidential information to unfairly enhance their market positions.  (Id.).

B.   **Conclusions of Law**

15.   This Court has discretion to balance the factors for and against access to court documents.  See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 781 (3d Cir. 1994).

16.   Protection of a party's interest in confidential commercial information, such as a trade secret, is a sufficient threat of irreparable harm, and is clearly defined as a serious injury. See Publicker, 733 F.2d at 1071.

IV.   **Why a Less Restrictive Alternative to the Relief Sought Is Not Available**

A.   **Findings of Fact**

17.   Once confidential information is disclosed to the public, it can never again be sealed or maintained as private.

18.     The disclosure of the confidential information in the Confidential Submissions would pose a financial and competitive risk to Pfizer.  Accordingly, the only way to protect this interest is to seal the identified portions of the Confidential Submissions.

**B.      Conclusions of Law**

19.     Under Local Civil Rule 5.3(c)(2), a party seeking to seal documents must meet the fourth prong that a no less restrictive alternative to the relief sought is available.  See Securimetrics, Inc. v. Iridian Techs., Inc., No. 03-cv-04394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006).

20.     The sealing of confidential documents and information is an accepted practice in the District of New Jersey.  In re Gabapentin Patent Litig., 312 F. Supp. 2d 653.  Additionally, Pfizer only seeks to seal the specific portions identified above and the redacted versions of the Confidential Submissions have been filed on the docket.


Dated: September 5, 2024                          Respectfully submitted,

                                                 s/ *Liza M. Walsh*
                                                 Liza M. Walsh
                                                 Mariel L. Belanger
                                                 Jessica K. Formichella
                                                 Lauren R. Malakoff
                                                 WALSH PIZZI O'REILLY FALANGA LLP
                                                 Three Gateway Center
                                                 100 Mulberry Street, 15th Floor
                                                 Newark, New Jersey 07102
                                                 (973) 757-1100

                                                 Of Counsel:
                                                 Sara Tonnies Horton (*pro hac vice*)
                                                 WILLKIE FARR & GALLAGHER LLP
                                                 300 North LaSalle Drive
                                                 Chicago, Illinois 60654
                                                 (312) 728-9040

Michael W. Johnson, Esq. (*pro hac vice*)
Heather M. Schneider, Esq. (*pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

*Attorneys for Defendant/Counterclaimant*
*Pfizer Inc.*