Liza M. Walsh
Mariel L. Belanger
Jessica K. Formichella
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel. (973) 757-1100

*Attorneys for Defendant Pfizer Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARBUTUS BIOPHARMA CORP. and GENEVANT SCIENCES GMBH, <br><br> Plaintiffs, <br><br> v. <br><br> PFIZER INC. and BIONTECH SE, <br><br> Defendants. | Civil Action No. 3:23-cv-01876 (ZNQ-TJB) <br><br> **DECLARATION OF LIZA M. WALSH** <br><br><br> *Electronically Filed* |

I, Liza M. Walsh, hereby declare and state as follows:

1.      I am an attorney admitted to practice before this Court and a partner of the law firm of Walsh Pizzi O'Reilly Falanga LLP, counsel for Pfizer Inc. ("Pfizer") in connection with the above-captioned matter. I am familiar with the facts set forth herein as well as the categories and types of information that Pfizer keeps confidential. I am also familiar with the harm that Pfizer would sustain if its confidential information were to become public.  I have personal knowledge of the facts set forth in this declaration.

2.      I submit this Declaration on behalf of Pfizer in support of the Motion to Seal the following documents or portions thereof which contain Pfizer's confidential information (collectively, "Confidential Materials"):

> a.      Defendants' Letter to the Hon. Tonianne J. Bongiovanni, U.S.M.J., dated July 31, 2024 (D.E. 128);
>
> b.      Plaintiffs' Letter to the Hon. Tonianne J. Bongiovanni, U.S.M.J., dated July 31, 2024 (D.E. 129); and
>
> c.      Defendants' Letter to the Hon. Tonianne J. Bongiovanni, U.S.M.J., dated August 8, 2024 (D.E. 131).

3.      In support of the motion, an Index has been prepared identifying the specific portions of the foregoing documents Pfizer seeks to maintain under seal and explaining (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request. The Index is being submitted concurrently herewith as Exhibit 1.

4.      This is a commercial patent dispute between private parties involving confidential information that Pfizer has a legitimate interest in protecting because its competitors in the marketplace could utilize the non-public information to gain an unfair advantage over Pfizer's detriment.

5.      Pfizer requests sealing of the Confidential Materials that contain or refer to information that relates to its nonpublic and proprietary competitively sensitive technical information and highly sensitive business information that it maintains in confidence and is of the type that is treated as confidential and proprietary generally. In particular, portions of the Confidential Materials contain information relating to samples of the Accused Product, proposals and negotiations between the parties, and records marked HIGHLY CONFIDENTIAL.

6.      The Confidential Materials Pfizer seeks to seal contain and/or reflect information that Pfizer designated as "Confidential" pursuant to the Stipulated Discovery Confidentiality Order, entered by this Court on December 18, 2023 (D.E. 54) ("DCO").

7.      There is a substantial public interest in ensuring that the nonpublic highly proprietary information remain confidential and not become public at a later date.

8.      Pfizer would suffer a clearly defined, substantial and specific harm, including but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information contained in the Confidential Materials be publicly disclosed in contravention of the terms of the DCO. Competitors would improperly and unfairly benefit from the disclosure of Pfizer's non-public business information and would likely use the confidential information to enhance their market or negotiation position and cause Pfizer

to lose its competitive advantage in the highly competitive generic pharmaceutical marketplace.

9.      There is no less restrictive alternative other than sealing the Confidential Materials, as set forth in the Index submitted concurrently herewith. Pfizer's request is narrowly tailored to seal the confidential information at issue. This is the least restrictive alternative available to protect the non-public confidential information.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct.

WALSH PIZZI O'REILLY FALANGA LLP

Dated: September 5, 2024          *s/ Liza M. Walsh*
                                  Liza M. Walsh

# EXHIBIT 1

**INDEX IN SUPPORT OF MOTION TO SEAL**

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| **Letter from Defendants Pfizer Inc. and BioNTech SE to the Hon. Tonianne J. Bongiovanni, U.S.M.J., dated July 31, 2024 (D.E. 128)** | | | | | | |
| Page 1-2, section 2 | Section in entirety after "Letter Order," | Pfizer seeks redaction of this text because it contains competitively sensitive information about a proposal made in confidence between Pfizer and Arbutus in an attempt to resolve a discovery dispute. Making such information public would have a chilling effect on Pfizer's ability to make proposals to resolve discovery disputes. This is not simply a protocol for production, as it provides confidential information about Pfizer's current product supplies. Making such information public would give Pfizer's competitors an unfair advantage. It is similar in kind to information that Plaintiffs have agreed to redact in the transcript about the number of samples being produced. It is more detailed than the publicly available information from the | If filed on the public docket, Pfizer would suffer a clearly defined, substantial and specific harm, including but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information contained in the Confidential Materials be publicly disclosed in contravention of the terms of the DCO. Competitors would improperly and unfairly benefit from the disclosure of Pfizer's non-public business information and would likely use the confidential | Pfizer requests sealing of only the materials that reflect its confidential information. There is no less restrictive alternative other than sealing the Confidential Materials. Pfizer's request is narrowly tailored to seal the confidential information at issue. This is the least restrictive alternative available to protect the non-public confidential information.

See Walsh Decl. ¶ 9. | *See* Order, dated July 29, 2024 (D.E. 123) | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive business information that Pfizer maintains in confidence. Rather, the discussion relates generally to a protocol for the selection and production of samples of the Accused Product in this case. This text does not disclose specific information |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | *Moderna* litigation that Plaintiffs' relied on during the hearing. | information to enhance their market or negotiation position and cause Pfizer to lose its competitive advantage in the highly competitive pharmaceutical marketplace.<br><br>*See* Walsh Decl. ¶ 8. | | | regarding the samples, such as the processes used to manufacture them or the ingredients used. Nor does it disclose details regarding the amount of vaccines Pfizer has produced or has available to sell, contrary to Defendants' assertions. Accordingly, Plaintiffs object to Defendants' proposed redactions and motion to seal the same. *See Mitsubishi Tanabe Pharma Corp. v. Aurobindo Pharma USA, Inc.*, No. 17-50005- |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | RMB-JS (D.N.J.), Dkt. No. 385 (denying motion to seal). |
| **Letter from Plaintiffs Arbutus Biopharma Corp. and Genevant Sciences, GmbH to the Hon. Tonianne J. Bongiovanni, U.S.M.J., dated July 31, 2024 (D.E. 129)** | | | | | | |
| Page 1, paragraph 2 | Line 4, after "concerns have arisen regarding" until "As to this" on line 7. | Pfizer seeks redaction of this text because it contains competitively sensitive information about a proposal made in confidence between Pfizer and Arbutus in an attempt to resolve a discovery dispute. Making such information public would have a chilling effect on Pfizer's ability to make proposals to resolve discovery disputes. This is not simply a protocol for production, as it provides confidential information about Pfizer's current product supplies. Making such information public would give Pfizer's competitors an unfair advantage. It is similar in kind to information that Plaintiffs have agreed to redact in the transcript about the number of samples being produced. It is more detailed than the publicly | If filed on the public docket, Pfizer would suffer a clearly defined, substantial and specific harm, including but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information contained in the Confidential Materials be publicly disclosed in contravention of the terms of the DCO. Competitors would improperly and unfairly benefit from the disclosure of Pfizer's non-public business information and would likely | Pfizer requests sealing of only the materials that reflect its confidential information. There is no less restrictive alternative other than sealing the Confidential Materials. Pfizer's request is narrowly tailored to seal the confidential information at issue. This is the least restrictive alternative available to protect the non-public confidential information.<br><br>See Walsh Decl. ¶ 9. | *See* Order, dated July 29, 2024 (D.E. 123)) | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive business information that Pfizer maintains in confidence. Rather, the discussion relates generally to a protocol for the selection and production of samples of the Accused Product in this case. This text does not disclose specific |

3

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | available information from the *Moderna* litigation that Plaintiffs' relied on during the hearing. | use the confidential information to enhance their market or negotiation position and cause Pfizer to lose its competitive advantage in the highly competitive pharmaceutical marketplace.<br><br>*See* Walsh Decl. ¶ 8. | | | information regarding the samples, such as the processes used to manufacture them or the ingredients used. Nor does it disclose details regarding the amount of vaccines Pfizer has produced or has available to sell, contrary to Defendants' assertions. Accordingly, Plaintiffs object to Defendants' proposed redactions and motion to seal the same. *See Mitsubishi Tanabe Pharma Corp. v. Aurobindo Pharma USA, Inc.,* |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | No. 17-50005-RMB-JS (D.N.J.), Dkt. No. 385 (denying motion to seal). |
| Page 1, paragraph 2 | Line 10, after "Defendants to disclose" until the end of line 11. | Pfizer requests redaction of this text because it relates to competitively sensitive aspects of Pfizer's business and supply chain. The materials addressed in this paragraph are not produced by Pfizer in the ordinary course of business or in other litigations. This is the type of business information that Pfizer maintains in confidence and is of the type that is treated as confidential and proprietary generally. Producing this information would have a chilling effect on Pfizer's ability to discuss details of its business during discovery hearings. | *See* above. | *See* above. | *See* above. | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive business information that Pfizer maintains in confidence. Rather, the proposed redaction relates to a request that the court compel the disclosure of a non-privileged fact relevant to this litigation, the date on which Pfizer implemented a litigation hold |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | covering samples of the Accused Products. Such information does not reveal competitively sensitive business or supply chain information, let alone a request for such information. |
| Page 2, paragraph 2 | From the beginning of line 2 until "Nonetheless," on line 7. | Pfizer seeks redaction of this text because it contains competitively sensitive information about a proposal made in confidence between Pfizer and Arbutus in an attempt to resolve a discovery dispute. Making such information public would have a chilling effect on Pfizer's ability to make proposals to resolve discovery disputes. This is not simply a protocol for production, as it provides confidential information about Pfizer's current product supplies. Making such information public would give Pfizer's competitors an unfair advantage. It | *See* above. | *See* above. | *See* Order, dated July 29, 2024 (D.E. 123) | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive business information that Pfizer maintains in confidence. Rather, the discussion relates generally to a protocol for the selection and production of |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | is similar in kind to information that Plaintiffs have agreed to redact in the transcript about the number of samples being produced.  It is more detailed than the publicly available information from the *Moderna* litigation that Plaintiffs' relied on during the hearing. | | | | samples of the Accused Product in this case.  This text does not disclose specific information regarding the samples, such as the processes used to manufacture them or the ingredients used.  Nor does it disclose details regarding the amount of vaccines Pfizer has produced or has available to sell, contrary to Defendants' assertions.  Accordingly, Plaintiffs object to Defendants' proposed redactions and motion to seal the |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | same. *See Mitsubishi Tanabe Pharma Corp. v. Aurobindo Pharma USA, Inc.*, No. 17-50005-RMB-JS (D.N.J.), Dkt. No. 385 (denying motion to seal). |
| Page 2, paragraph 2 | Line 9, after "availability of" until "Plaintiffs will update" | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 2, "Disputed Issue" | All words between "Disputed Issue:" and "The Order" | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 2, paragraph 3 | Line 1, after "Defendants to produce," until "Nonetheless," on line 10. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 2, paragraph 3 | Line 12, after "Defendants' ability" until the end of the line. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 2, paragraph 4 | Line 1, after "fundamental," until "Plaintiffs" on line 4. | Pfizer seeks redaction of this text because it contains competitively sensitive information about a proposal made in confidence between Pfizer and Arbutus in an attempt to resolve a discovery dispute. Making such information public would have a chilling effect on Pfizer's ability to make | *See* above. | *See* above. | *See* above. | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive business information that |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | proposals to resolve discovery disputes.  This is not simply a protocol for production, as it provides confidential information about Pfizer's current product supplies.  Making such information public would give Pfizer's competitors an unfair advantage. It is similar in kind to information that Plaintiffs have agreed to redact in the transcript about the number of samples being produced.  It is more detailed than the publicly available information from the *Moderna* litigation that Plaintiffs' relied on during the hearing. | | | | Pfizer maintains in confidence.  Rather, the discussion relates generally to whether Pfizer has complied with discovery obligations in this case.  This text does not disclose specific information regarding the samples, such as the processes used to manufacture them or the ingredients used.  Nor does it disclose details regarding the amount of vaccines Pfizer has produced or has available to sell, contrary to Defendants' |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | assertions. Accordingly, Plaintiffs object to Defendants' proposed redactions and motion to seal the same. *See Mitsubishi Tanabe Pharma Corp. v. Aurobindo Pharma USA, Inc.*, No. 17-50005-RMB-JS (D.N.J.), Dkt. No. 385 (denying motion to seal). |
| Page 2, paragraph 4 | Line 6, after "point in the past" until the end of line 7. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 2, footnote 1 | From the beginning of line 1 until "Plaintiffs" on line 2. | Pfizer seeks redaction of this text because it contains competitively sensitive information about a proposal made in confidence between Pfizer and Arbutus in an attempt to resolve a discovery dispute. Making such information public would have a chilling effect on Pfizer's ability to make | *See* above. | *See* above. | *See* above. | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive business information that |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | proposals to resolve discovery disputes.  This is not simply a protocol for production, as it provides confidential information about Pfizer's current product supplies.  Making such information public would give Pfizer's competitors an unfair advantage. It is similar in kind to information that Plaintiffs have agreed to redact in the transcript about the number of samples being produced.  It is more detailed than the publicly available information from the *Moderna* litigation that Plaintiffs' relied on during the hearing. | | | | Pfizer maintains in confidence.  Rather, the discussion relates generally to a protocol for the selection and production of samples of the Accused Product in this case.  This text does not disclose specific information regarding the samples, such as the processes used to manufacture them or the ingredients used.  Nor does it disclose details regarding the amount of vaccines Pfizer has produced or has available to sell, contrary to |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | Defendants' assertions. Accordingly, Plaintiffs object to Defendants' proposed redactions and motion to seal the same. *See Mitsubishi Tanabe Pharma Corp. v. Aurobindo Pharma USA, Inc.*, No. 17-50005-RMB-JS (D.N.J.), Dkt. No. 385 (denying motion to seal). |
| Page 2-3, paragraph 5-1 | Line 1, after "Second," until the end of the paragraph on page 3. | Pfizer seeks redaction of this text because it contains competitively sensitive information about a proposal made in confidence between Pfizer and Arbutus in an attempt to resolve a discovery dispute.  Making such information public would have a chilling effect on Pfizer's ability to make proposals to resolve discovery | *See* above. | *See* above. | *See* above. | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive business information that Pfizer maintains in |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | disputes. This is not simply a protocol for production, as it provides confidential information about Pfizer's current product supplies. Making such information public would give Pfizer's competitors an unfair advantage. It is similar in kind to information that Plaintiffs have agreed to redact in the transcript about the number of samples being produced. It is more detailed than the publicly available information from the *Moderna* litigation that Plaintiffs' relied on during the hearing. | | | | confidence. Rather, the discussion relates generally to a protocol for the selection and production of samples of the Accused Product in this case and whether Pfizer is able to fulfill its discovery obligations. This text does not disclose specific information regarding the samples, such as the processes used to manufacture them or the ingredients used. Nor does it disclose details regarding the amount of vaccines Pfizer has |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | | | | produced or has available to sell, contrary to Defendants' assertions. Accordingly, Plaintiffs object to Defendants' proposed redactions and motion to seal the same. *See Mitsubishi Tanabe Pharma Corp. v. Aurobindo Pharma USA, Inc.*, No. 17-50005-RMB-JS (D.N.J.), Dkt. No. 385 (denying motion to seal). |
| Page 3, paragraph 2 | Line 1, after "Third, the" until "raises" on line 1. | Pfizer requests redaction of this text because it relates to competitively sensitive aspects of Pfizer's business and supply chain. The materials addressed in this paragraph are not produced by Pfizer in the ordinary course of | *See* above. | *See* above. | *See* above. | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | business or in other litigations. This is the type of business information that Pfizer maintains in confidence and is of the type that is treated as confidential and proprietary generally. Producing this information would have a chilling effect on Pfizer's ability to discuss details of its business during discovery hearings. | | | | business information that Pfizer maintains in confidence. Rather, the discussion relates generally to whether Pfizer has complied with discovery obligations in this case. This text does not disclose specific information regarding the samples, such as the processes used to manufacture them or the ingredients used. Nor does it disclose details regarding the amount of vaccines Pfizer has produced or has available to sell. |

15

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | Accordingly, Plaintiffs object to Defendants' proposed redactions and motion to seal the same. *See Mitsubishi Tanabe Pharma Corp. v. Aurobindo Pharma USA, Inc.*, No. 17-50005-RMB-JS (D.N.J.), Dkt. No. 385 (denying motion to seal). |
| Page 3, paragraph 2 | Line 2, after "compliance with their" until "Hints" on line 2. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 3, paragraph 2 | Line 3, after "July 2 hearing, when" until the end of line 4. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 3, footnote 2 | Entirety of footnote | *See* above. | *See* above. | *See* above. | *See* above. | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive business |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | information that Pfizer maintains in confidence. Rather, the proposed redaction relates to a request that the court compel the disclosure of a non-privileged fact relevant to this litigation, the date on which Pfizer implemented a litigation hold covering samples of the Accused Products. Such information does not reveal competitively sensitive business or supply chain information, let alone a request for such information. |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| Page 3, paragraph 2 | Line 7, after "60).[3]" until the end of the paragraph. | Pfizer seeks redaction of this text because it contains competitively sensitive information about a proposal made in confidence between Pfizer and Arbutus in an attempt to resolve a discovery dispute. Making such information public would have a chilling effect on Pfizer's ability to make proposals to resolve discovery disputes. This is not simply a protocol for production, as it provides confidential information about Pfizer's current product supplies. Making such information public would give Pfizer's competitors an unfair advantage. It is similar in kind to information that Plaintiffs have agreed to redact in the transcript about the number of samples being produced. It is more detailed than the publicly available information from the *Moderna* litigation that Plaintiffs' relied on during the hearing. | *See* above. | *See* above. | *See* Order, dated July 29, 2024 (D.E. 123) | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive business information that Pfizer maintains in confidence. Rather, the discussion relates generally to a protocol for the selection and production of samples of the Accused Product in this case and whether Pfizer is able to fulfill its discovery obligations. This text does not disclose specific information regarding the |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | | | | samples, such as the processes used to manufacture them or the ingredients used. Nor does it disclose details regarding the amount of vaccines Pfizer has produced or has available to sell, contrary to Defendants' assertions. Accordingly, Plaintiffs object to Defendants' proposed redactions and motion to seal the same. *See Mitsubishi Tanabe Pharma Corp. v. Aurobindo Pharma USA, Inc.*, No. 17-50005-RMB-JS (D.N.J.), |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | Dkt. No. 385 (denying motion to seal). |
| Page 3, paragraph 3 | Line 2, after "directing Defendants" until "a request" | Pfizer requests redaction of this text because it relates to competitively sensitive aspects of Pfizer's business and supply chain. The materials addressed in this paragraph are not produced by Pfizer in the ordinary course of business or in other litigations. This is the type of business information that Pfizer maintains in confidence and is of the type that is treated as confidential and proprietary generally. Producing this information would have a chilling effect on Pfizer's ability to discuss details of its business during discovery hearings. | *See* above. | *See* above. | *See* above. | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive business information that Pfizer maintains in confidence. Rather, the proposed redaction relates to a request that the court compel the disclosure of a non-privileged fact relevant to this litigation, the date on which Pfizer implemented a litigation hold covering samples of the Accused |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | Products. Such information does not reveal competitively sensitive business or supply chain information, let alone a request for such information. |
| Page 3, paragraph 3 | Line 4, after "basis that" until "Plaintiffs anticipate" on line 5. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 3, paragraph 3 | From the beginning of line 7 until "although Defendant's" | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 4, paragraph 2 | Line 2, after "produced so far," until "That is" on line 6. | Pfizer seeks redaction of this text because it contains competitively sensitive information about a proposal made in confidence between Pfizer and Arbutus in an attempt to resolve a discovery dispute. Making such information public would have a chilling effect on Pfizer's ability to make proposals to resolve discovery disputes. This is not simply a protocol for production, as it provides confidential information about Pfizer's current product supplies. Making such information | *See* above. | *See* above. | *See* Order, dated July 29, 2024 (D.E. 123) | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive business information that Pfizer maintains in confidence. Rather, the discussion relates generally to a protocol for the |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | public would give Pfizer's competitors an unfair advantage. It is similar in kind to information that Plaintiffs have agreed to redact in the transcript about the number of samples being produced.  It is more detailed than the publicly available information from the *Moderna* litigation that Plaintiffs' relied on during the hearing. | | | | selection and production of samples of the Accused Product in this case.  This text does not disclose specific information regarding the samples, such as the processes used to manufacture them or the ingredients used. Nor does it disclose details regarding the amount of vaccines Pfizer has produced or has available to sell, contrary to Defendants' assertions. Accordingly, Plaintiffs object to Defendants' proposed |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | redactions and motion to seal the same. *See Mitsubishi Tanabe Pharma Corp. v. Aurobindo Pharma USA, Inc.*, No. 17-50005-RMB-JS (D.N.J.), Dkt. No. 385 (denying motion to seal). |
| Page 4, paragraph 2 | Line 6, after "mistaken." until the end of the paragraph. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 4, paragraph 3 | Line 3, after, "concerning" until "Nonetheless," on line 4. | Pfizer requests redaction of this text because it relates to competitively sensitive aspects of Pfizer's business and supply chain. The materials addressed in this paragraph are not produced by Pfizer in the ordinary course of business or in other litigations. This is the type of business information that Pfizer maintains in confidence and is of the type that is treated as confidential and proprietary generally. Producing this information would have a | *See* above. | *See* above. | *See* above. | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive business information that Pfizer maintains in confidence. Rather, the proposed redaction relates to a request |

23

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | chilling effect on Pfizer's ability to discuss details of its business during discovery hearings. | | | | that the court compel the disclosure of a non-privileged fact relevant to this litigation, the date on which Pfizer implemented a litigation hold covering samples of the Accused Products. Such information does not reveal competitively sensitive business or supply chain information, let alone a request for such information. |
| Page 4, footnote 5 | Entirety of footnote | Pfizer seeks redaction of this text because it contains competitively sensitive information about a proposal made in confidence between Pfizer and Arbutus in an attempt to resolve a discovery dispute. Making such information public would have a chilling effect | *See* above. | *See* above. | *See* Order, dated July 29, 2024 (D.E. 123) | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive business |

24

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | on Pfizer's ability to make proposals to resolve discovery disputes.  This is not simply a protocol for production, as it provides confidential information about Pfizer's current product supplies.  Making such information public would give Pfizer's competitors an unfair advantage. It is similar in kind to information that Plaintiffs have agreed to redact in the transcript about the number of samples being produced.  It is more detailed than the publicly available information from the *Moderna* litigation that Plaintiffs' relied on during the hearing. | | | | information that Pfizer maintains in confidence. Rather, the discussion relates generally to a protocol for the selection and production of samples of the Accused Product in this case.  This text does not disclose specific information regarding the samples such as the processes used to manufacture them or the ingredients used. Accordingly, Plaintiffs object to Defendants' proposed redactions and motion to seal the same. *See* |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | *Mitsubishi Tanabe Pharma Corp. v. Aurobindo Pharma USA, Inc.*, No. 17-50005-RMB-JS (D.N.J.), Dkt. No. 385 (denying motion to seal). |
| **Letter from Defendants Pfizer Inc. and BioNTech SE to the Hon. Tonianne J. Bongiovanni, U.S.M.J., dated August 8, 2024 (D.E. 131)** | | | | | | |
| Page 1, footnote 1 | Line 4, after "instruct Defendants to" until the end of the line. | Pfizer requests redaction of this text because it relates to competitively sensitive aspects of Pfizer's business and supply chain. The materials addressed in this paragraph are not produced by Pfizer in the ordinary course of business or in other litigations. This is the type of business information that Pfizer maintains in confidence and is of the type that is treated as confidential and proprietary generally. Producing this information would have a chilling effect on Pfizer's ability to discuss details of its business during discovery hearings. | If filed on the public docket, Pfizer would suffer a clearly defined, substantial and specific harm, including but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information contained in the Confidential Materials be publicly disclosed in contravention of the terms of the DCO. | Pfizer requests sealing of only the materials that reflect its confidential information. There is no less restrictive alternative other than sealing the Confidential Materials. Pfizer's request is narrowly tailored to seal the confidential information at issue. This is the least restrictive alternative available to protect the non-public confidential information.<br><br>See Walsh Decl. ¶ 9. | *See* Order, dated July 29, 2024 (D.E. 123) | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive business information that Pfizer maintains in confidence. Rather, the proposed redaction relates to a request that the court compel the disclosure of a |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | Competitors would improperly and unfairly benefit from the disclosure of Pfizer's non-public business information and would likely use the confidential information to enhance their market or negotiation position and cause Pfizer to lose its competitive advantage in the highly competitive pharmaceutical marketplace.<br><br>*See* Walsh Decl. ¶ 8. | | | non-privileged fact relevant to this litigation, the date on which Pfizer implemented a litigation hold covering samples of the Accused Products. Such information does not reveal competitively sensitive business or supply chain information, let alone a request for such information. |
| Page 2, paragraph 1 | Line 1, after "described below," until the end of the line. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 2, section 1 | All words between "1." And "Are Not Discoverable" | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 2, paragraph 3 | Line 2, after "Defendants'" until "stating that" | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 2, paragraph 4 | Line 1, after "Defendants' position," until  "That is" on line 3. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 2, paragraph 4 | Line 5, after "'information,'" until "'are protected'" | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| Page 3, paragraph 2 | Line 2, after "Defendants'" until "are now" | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 3, section 2 | All words between "2." and "Plaintiffs suggest" | Pfizer seeks redaction of this text because it contains competitively sensitive information about a proposal made in confidence between Pfizer and Arbutus in an attempt to resolve a discovery dispute.  Making such information public would have a chilling effect on Pfizer's ability to make proposals to resolve discovery disputes.  This is not simply a protocol for production, as it provides confidential information about Pfizer's current product supplies.  Making such information public would give Pfizer's competitors an unfair advantage. It is similar in kind to information that Plaintiffs have agreed to redact in the transcript about the number of samples being produced.  It is more detailed than the publicly available information from the *Moderna* litigation that Plaintiffs' relied on during the hearing. | *See* above. | *See* above. | *See* above. | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive business information that Pfizer maintains in confidence. Rather, the discussion relates generally to a protocol for the selection and production of samples of the Accused Product in this case and whether Pfizer is able to fulfill its discovery obligations.  This text does not disclose specific |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | information regarding the samples, such as the processes used to manufacture them or the ingredients used. Nor does it disclose details regarding the amount of vaccines Pfizer has produced or has available to sell, contrary to Defendants' assertions. Accordingly, Plaintiffs object to Defendants' proposed redactions and motion to seal the same. *See Mitsubishi Tanabe Pharma Corp. v. Aurobindo Pharma USA, Inc.*, |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | No. 17-50005-RMB-JS (D.N.J.), Dkt. No. 385 (denying motion to seal). |
| Page 3, paragraph 3 | Line 1, after "for Defendants'" until "because" on line 2. | Pfizer requests redaction of this text because it relates to competitively sensitive aspects of Pfizer's business and supply chain. The materials addressed in this paragraph are not produced by Pfizer in the ordinary course of business or in other litigations. This is the type of business information that Pfizer maintains in confidence and is of the type that is treated as confidential and proprietary generally. Producing this information would have a chilling effect on Pfizer's ability to discuss details of its business during discovery hearings. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 3, paragraph 3 | Line 2, after "because" until "(Letter at 3 & n.4)" on line 3. | Pfizer seeks redaction of this text because it contains competitively sensitive information about a proposal made in confidence between Pfizer and Arbutus in an attempt to resolve a discovery | *See* above. | *See* above. | *See* above. | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | dispute. Making such information public would have a chilling effect on Pfizer's ability to make proposals to resolve discovery disputes. This is not simply a protocol for production, as it provides confidential information about Pfizer's current product supplies. Making such information public would give Pfizer's competitors an unfair advantage. It is similar in kind to information that Plaintiffs have agreed to redact in the transcript about the number of samples being produced. It is more detailed than the publicly available information from the *Moderna* litigation that Plaintiffs' relied on during the hearing. | | | | highly sensitive business information that Pfizer maintains in confidence. Rather, the discussion relates generally to a protocol for the selection and production of samples of the Accused Product in this case and whether Pfizer is able to fulfill its discovery obligations. This text does not disclose specific information regarding the samples, such as the processes used to manufacture them or the ingredients used. Nor does it |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | disclose details regarding the amount of vaccines Pfizer has produced or has available to sell, contrary to Defendants' assertions. Accordingly, Plaintiffs object to Defendants' proposed redactions and motion to seal the same. *See Mitsubishi Tanabe Pharma Corp. v. Aurobindo Pharma USA, Inc.*, No. 17-50005-RMB-JS (D.N.J.), Dkt. No. 385 (denying motion to seal). |
| Page 3, paragraph 3 | Line 4, after "authority, that" until "(Letter at 3, emphasis in original)" on line 5. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| Page 3, paragraph 3 | Line 5, after "wrong because" until the end of the paragraph. | *See* above; additionally, Pfizer requests redaction of this text because it relates to competitively sensitive aspects of Pfizer's business and supply chain. The materials addressed in this paragraph are not produced by Pfizer in the ordinary course of business or in other litigations. This is the type of business information that Pfizer maintains in confidence and is of the type that is treated as confidential and proprietary generally. Producing this information would have a chilling effect on Pfizer's ability to discuss details of its business during discovery hearings. | *See* above. | *See* above. | *See* above | *See* above. |
| Page 3, paragraph 4 | Line 1, after "position that Defendants" until "is not reasonable" on line 3. | Pfizer seeks redaction of this text because it contains competitively sensitive information about a proposal made in confidence between Pfizer and Arbutus in an attempt to resolve a discovery dispute. Making such information public would have a chilling effect on Pfizer's ability to make proposals to resolve discovery | *See* above. | *See* above. | *See* above. | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive business information that Pfizer maintains in |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
|  | disputes. This is not simply a protocol for production, as it provides confidential information about Pfizer's current product supplies. Making such information public would give Pfizer's competitors an unfair advantage. It is similar in kind to information that Plaintiffs have agreed to redact in the transcript about the number of samples being produced. It is more detailed than the publicly available information from the *Moderna* litigation that Plaintiffs' relied on during the hearing. Additionally, Pfizer requests redaction of this text because it relates to competitively sensitive aspects of Pfizer's business and supply chain. The materials addressed in this paragraph are not produced by Pfizer in the ordinary course of business or in other litigations. This is the type of business information that Pfizer maintains in confidence and is of the type that is treated as confidential and proprietary |  |  |  | confidence. Rather, the discussion relates generally to a protocol for the selection and production of samples of the Accused Product in this case and whether Pfizer is able to fulfill its discovery obligations. This text does not disclose specific information regarding the samples, such as the processes used to manufacture them or the ingredients used. Nor does it disclose details regarding the amount of vaccines Pfizer has |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | generally. Producing this information would have a chilling effect on Pfizer's ability to discuss details of its business during discovery hearings. | | | | produced or has available to sell, contrary to Defendants' assertions. Accordingly, Plaintiffs object to Defendants' proposed redactions and motion to seal the same. *See Mitsubishi Tanabe Pharma Corp. v. Aurobindo Pharma USA, Inc.,* No. 17-50005-RMB-JS (D.N.J.), Dkt. No. 385 (denying motion to seal). s |
| Page 3, paragraph 4 | Line 5, after "recognized that" until "(*See* ECF 107 at 3, ¶3)" | Pfizer seeks redaction of this text because it contains competitively sensitive information about a proposal made in confidence between Pfizer and Arbutus in an attempt to resolve a discovery | *See* above. | *See* above. | *See* above. | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | dispute. Making such information public would have a chilling effect on Pfizer's ability to make proposals to resolve discovery disputes. This is not simply a protocol for production, as it provides confidential information about Pfizer's current product supplies. Making such information public would give Pfizer's competitors an unfair advantage. It is similar in kind to information that Plaintiffs have agreed to redact in the transcript about the number of samples being produced. It is more detailed than the publicly available information from the *Moderna* litigation that Plaintiffs' relied on during the hearing. | | | | highly sensitive business information that Pfizer maintains in confidence. Rather, Pfizer seeks to redact a statement made during a hearing about what may or may not be true regarding Pfizer's samples. |
| Page 3, paragraph 4 | Line 6, after "at 3, ¶3)" until the end of the paragraph. | Pfizer seeks redaction of this text because it contains competitively sensitive information about a proposal made in confidence between Pfizer and Arbutus in an attempt to resolve a discovery dispute. Making such information public would have a chilling effect on Pfizer's ability to make | *See* above. | *See* above. | *See* above. | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive business that |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | proposals to resolve discovery disputes.  This is not simply a protocol for production, as it provides confidential information about Pfizer's current product supplies.  Making such information public would give Pfizer's competitors an unfair advantage. It is similar in kind to information that Plaintiffs have agreed to redact in the transcript about the number of samples being produced.  It is more detailed than the publicly available information from the *Moderna* litigation that Plaintiffs' relied on during the hearing. | | | | Pfizer maintains in confidence. Rather, the discussion relates generally to a protocol for the selection and production of samples of the Accused Product in this case.  This text does not disclose specific information regarding the samples such as the processes used to manufacture them or the ingredients used. Accordingly, Plaintiffs object to Defendants' proposed redactions and motion to seal the same.  See Mitsubishi Tanabe |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | Pharma Corp. v. Aurobindo Pharma USA, Inc., No. 17-50005-RMB-JS (D.N.J.), Dkt. No. 385 (denying motion to seal). |
| Page 3, footnote 3 | Entirety of footnote | Pfizer seeks redaction of this text because it contains competitively sensitive information about a proposal made in confidence between Pfizer and Arbutus in an attempt to resolve a discovery dispute.  Making such information public would have a chilling effect on Pfizer's ability to make proposals to resolve discovery disputes.  This is not simply a protocol for production, as it provides confidential information about Pfizer's current product supplies.  Making such information public would give Pfizer's competitors an unfair advantage. It is similar in kind to information that Plaintiffs have agreed to redact in the transcript about the number of samples being produced.  It is | *See* above. | *See* above. | *See* above. | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive business information that Pfizer maintains in confidence.  Rather, the discussion relates generally to a protocol for the selection and production of samples of the Accused Product in this case and whether Pfizer is |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | more detailed than the publicly available information from the *Moderna* litigation that Plaintiffs' relied on during the hearing. | | | | able to fulfill its discovery obligations.  This text does not disclose specific information regarding the samples, such as the processes used to manufacture them or the ingredients used. Nor does it disclose details regarding the amount of vaccines Pfizer has produced or has available to sell, contrary to Defendants' assertions. Accordingly, Plaintiffs object to Defendants' proposed redactions and motion to seal the |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | same. *See Mitsubishi Tanabe Pharma Corp. v. Aurobindo Pharma USA, Inc.*, No. 17-50005-RMB-JS (D.N.J.), Dkt. No. 385 (denying motion to seal). |
| Page 4, paragraph 1 | Line 1, after "Second, Defendants" until "Pursuant" on line 2. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 4, paragraph 1 | Line 2, after "July 12 Order" until the end of the paragraph. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 4, paragraph 2 | Line 2, after "meet and confer efforts." until the end of the paragraph. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 4, paragraph 3 | Entire paragraph | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 4, paragraph 4 (bulleted list) | Entire paragraph | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 4, footnote 5 | Entire footnote | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 5, footnote 6 | Entire footnote | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 5, paragraph 1 (bullet) | Entire paragraph | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| Page 5, paragraph 2 | Line 2, after "of Defendants'" until "especially" | Pfizer requests redaction of this text because it relates to competitively sensitive aspects of Pfizer's business and supply chain. The materials addressed in this paragraph are not produced by Pfizer in the ordinary course of business or in other litigations. This is the type of business information that Pfizer maintains in confidence and is of the type that is treated as confidential and proprietary generally. Producing this information would have a chilling effect on Pfizer's ability to discuss details of its business during discovery hearings. | *See* above. | *See* above. | *See* above. | This text does not refer to nonpublic and proprietary or competitively sensitive technical information or highly sensitive business information that Pfizer maintains in confidence. Rather, the proposed redaction relates to a request that the court compel the disclosure of a non-privileged fact relevant to this litigation, the date on which Pfizer implemented a litigation hold covering samples of the Accused Products.  Such information does not reveal |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | | competitively sensitive business or supply chain information, let alone a request for such information. |
| Page 5, paragraph 3 | Line 2, after "disclosure of" until  "or any other" | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 5, paragraph 3 | Line 2, after "the Defendants'" until "or document preservation" on line 3. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |

42