IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARBUTUS BIOPHARMA CORP. and GENEVANT SCIENCES GMBH,<br><br>Plaintiffs,<br><br>v.<br><br>PFIZER INC. and BIONTECH SE,<br><br>Defendants. | Civil Action No. 3:23-cv-01876 (ZNQ-TJB)<br><br>**[PROPOSED] ORDER TO SEAL**<br><br>*Electronically Filed* |

**THIS MATTER** having been opened to the Court by the application of Defendant Pfizer Inc. ("Pfizer"), in connection with Pfizer's Motion to Seal, pursuant to Local Civil Rule 5.3(c) limited portions of the following (collectively, "Confidential Submissions"):

a. Defendants' Letter to the Hon. Tonianne J. Bongiovanni, U.S.M.J., dated July 31, 2024 (D.E. 128);

b. Plaintiffs' Letter to the Hon. Tonianne J. Bongiovanni, U.S.M.J., dated July 31, 2024 (D.E. 129); and

c. Defendants' Letter to the Hon. Tonianne J. Bongiovanni, U.S.M.J., dated August 8, 2024 (D.E. 131).

The Court having considered the papers submitted by Pfizer in support of the Motion; and Defendant BioNTech SE does not object to this Motion to Seal and Plaintiffs object and oppose this motion; and the Court having considered and adopted the Declaration of Liza M. Walsh, counsel for Pfizer, and the Court having further found that the standards of Local Civil Rule 5.3(c)

have been met and support the sealing of the confidential documents and information; and for other and good cause having been shown, the Court hereby finds:

## FINDINGS OF FACT

A. Through the entry of the Stipulated Confidentiality Order December 18, 2023 (D.E. 54) ("DCO"), the Court and the parties acknowledge that this action involves the disclosure of confidential information, the public disclosure of which would affect the parties' legitimate business interests. To protect the confidentiality of this information, the parties agreed to maintain the confidentiality of any such materials and strictly limit access to these documents or materials.

B. The DCO allows the parties to designate information as "Confidential". The DCO acknowledges that the parties will exchange documents that contain confidential information, and strictly limits access to these documents. The DCO further provides that a party wishing to use material designated as "Confidential" must move pursuant to Local Civil Rule 5.3(c) for leave to file the submission under seal.

C. Pursuant to the DCO and Local Civil Rule 5.3(c), Pfizer moves to seal portions of the Confidential Submissions.

D. The information identified in the Index that Pfizer seeks to seal are collectively referred to herein as the "Confidential Information."

E. The Confidential Information contains and/or reflects information that Pfizer has designated as "Confidential" pursuant to the DCO.

F. The Confidential Information contain or refer to information that relates to Pfizer nonpublic and proprietary competitively sensitive technical information and highly sensitive business information that it maintains in confidence and is of the type that is

    treated as confidential and proprietary generally. In particular, portions of the Confidential Submissions contain information relating to samples of the Accused Product, proposals and negotiations between the parties, and records marked HIGHLY CONFIDENTIAL.

G. The DCO entered in this matter provides for the confidential treatment of this type of proprietary information. The legitimate private or public interests which warrant confidentiality are: Pfizer has a legitimate interest in maintaining the confidentiality of its commercial strategies, as well as information relevant to research, development, technical and supplier information. The clearly defined and serious injury that would result if the Confidential Information is disclosed is: Pfizer would be seriously injured. Information which was not intended to be seen by competitors would be available for review and potential use against Pfizer. Moreover, competitors (actual and potential) in the highly competitive pharmaceutical industry, who are not parties to this action would have access to the information. There is no less restrictive alternative to the sealing of the Confidential Information.

H. Pfizer has complied with the terms of the DCO and Local Civil Rule 5.3(c) by moving to seal the Confidential Information.

## CONCLUSIONS OF LAW

A. The Court, having considered this matter pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 5.3, and Pfizer's submissions in support of the Motion, finds that Pfizer has satisfied its burden of proving under L. Civ. R. 5.3(c) and applicable case law, that the identified portions of the Confidential Submissions are confidential and entitled to protection. There exists in civil cases a common law public right of access to judicial proceedings and records. Goldstein v. Forbes (In re Cendant Corp.), 260 F.3d 183, 192 (3d Cir. 2001) (citing

Littlejohn v. BIC Corp., 851 F.2d 673, 677-78 (3d Cir. 1988)).  The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)).  This Court has the power to seal where confidential information may be disclosed to the public.  Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace.  See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).  The law also allows the court to protect a person from annoyance or embarrassment by forbidding the disclosure of sensitive information, such as confidential individual information.  See Onex Credit Partners, LLC v. Atrium 5, Ltd., 2017 U.S. Dist. LEXIS 158606, *5-6 (D.N.J. Sept. 27, 2017).  Additionally, courts in this District have held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents.  "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted).  As such, "[t]he presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." Id. (citations omitted).

B. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted.  Specifically, it requires a

showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

C. The information in Pfizer's submission satisfies the standards set forth in Local Civil Rule 5.3(c) and there is no less restrictive alternative to sealing the Confidential Submissions.

**THEREFORE,** it is on this _____ day of _____, 2024;

**ORDERED** as follows:

1. The Confidential Information identified in the Index submitted concurrently herewith contains confidential and proprietary information.

2. The Court further finds that Pfizer would suffer substantial and specific harm, including but not limited to, potential financial damage through the divulgence of such highly confidential or confidential information, that the public interest weighs in favor of the information remaining confidential and being sealed, and that no less restrictive alternative exists.

3. Therefore, Pfizer's Motion pursuant to Local Civil Rule 5.3(c) to Seal the above referenced portions of the Confidential Submissions is **GRANTED**.

_____
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**