

**JAMES S. RICHTER**
Of Counsel
(201) 874-7325 (m)
jrichter@midlige-richter.com

April 11, 2025

**BY ECF**

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
Clarkson S. Fisher Federal Building & U.S. Courthouse
Room 6052
402 E. State Street
Trenton, New Jersey 08608

  Re: ***Arbutus Biopharma Corp. and Genevant Sciences GmbH v. Pfizer Inc. and BioNTech SE***
     ***Civil Action No. 23 CV 1876 (ZNQ)(TJB)***

Dear Judge Bongiovanni:

  This firm represents Plaintiffs in the above-referenced matter, along with Saiber LLP, and Quinn Emanuel Urquhart & Sullivan, LLP, co-counsel for Genevant Sciences GmbH, and Morrison & Foerster LLP, co-counsel for Arbutus Biopharma Corp. We write on behalf of Plaintiffs to respectfully request until April 21, 2025 to respond to Defendants' letter dated April 10, 2025 regarding purported violations of the Stipulated Discovery Confidentiality Order ("DCO") (ECF No. 54).

  We will provide a complete response on the date set by the Court. However, in view of Defendants' request for immediate action, Plaintiffs respectfully submit that Defendants' challenge is not only meritless but also not time sensitive. Ms. Androski is Special Counsel to Genevant, and she was designated under the DCO by agreement more than a year ago. In addition to her continued role as Genevant's Special Counsel, Ms. Androski was appointed CEO of Arbutus six weeks ago. But in light of what the parties agreed to in the DCO, Ms. Androski's changed circumstances with respect to her new role at Arbutus are irrelevant to her designation under the DCO.

  When the parties negotiated the DCO, they agreed that involvement in strategic decision making would preclude access to the other parties' highly confidential information ***only if it relates to two subject matters***: RNA vaccines or lipid nanoparticles ("LNPs"). Dkt. 54, ¶ 7.3. But Arbutus does not have any program relating to RNA vaccines or LNPs and has no role or influence in Genevant's licensing activities relating to RNA vaccines or LNPs. Furthermore, Ms. Androski

 

Honorable Tonianne J. Bongiovanni, U.S.M.J.　　　　　　　　　　　　　　　April 11, 2025
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

continues to have no role in any business decisions at Genevant whatsoever. Her only role with respect to Genevant is as Special Counsel, *i.e.*, she is not involved in strategic decision making related to or relevant to RNA vaccines or LNPs. In light of the criteria the parties agreed to for designating in-house counsel under the DCO, and given that Ms. Androski's new role at Arbutus also does not involve decision making regarding RNA vaccines or LNPs, her designation under the DCO remains proper.

　　　Over the past six weeks, Plaintiffs have repeatedly assured Defendants that Ms. Androski's role as CEO of Arbutus does not involve RNA vaccines or LNPs. Most recently, on April 8th, Plaintiffs responded in writing to Defendants' outstanding questions on this issue. Instead of responding, Defendants chose instead to burden the Court with the instant letter requesting immediate relief. Defendants offer no evidence to refute Plaintiffs' representations but nevertheless contend that Ms. Androski has violated the DCO.

　　　Ms. Androski continues to be a proper designee under the DCO. Defendants' letter is nothing more than an attempt to renegotiate the **stipulated** DCO and impair Plaintiffs' outside counsels' ability to confer with their clients. Setting a response deadline of April 21, 2025 will allow Plaintiffs sufficient time to address the issues raised in Defendants' letter and prepare a complete response for the Court's consideration.

　　　We thank Your Honor for your consideration of the foregoing and are available at the Court's convenience to address any questions or concerns.

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*s/ James S. Richter*

　　　　　　　　　　　　　　　　　　　　　James S. Richter

Cc: All Counsel of Record (by ECF)

