

**JAMES S. RICHTER**
Of Counsel
(201) 874-7325 (m)
jrichter@midlige-richter.com

April 14, 2025

**BY ECF**

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
Clarkson S. Fisher Federal Building & U.S. Courthouse
Room 6052
402 E. State Street
Trenton, New Jersey 08608

      Re:   *Arbutus Biopharma Corp. and Genevant Sciences GmbH v. Pfizer Inc. and BioNTech SE*
              *Civil Action No. 23 CV 1876 (ZNQ)(TJB)*

Dear Judge Bongiovanni:

     This firm represents Plaintiffs in the above-referenced matter, along with Saiber LLP, and Quinn Emanuel Urquhart & Sullivan, LLP, co-counsel for Genevant Sciences GmbH, and Morrison & Foerster LLP, co-counsel for Arbutus Biopharma Corp. We write in response to the letter submitted by Defendants on Friday, April 11th (ECF No. 172).

     Defendants have not provided any justification for their extraordinary request to "temporarily" de-designate Lindsay Androski, Plaintiffs' designated in-house counsel with the most significant litigation experience, unless Plaintiffs agree to a two-business day deadline, over a holiday weekend, to file a responsive letter.

     Defendants have not identified any risk of a violation of the DCO, much less an actual violation, that would justify a request for immediate action. Ms. Androski, as a licensed attorney and Special Counsel to Genevant, signed an undertaking agreeing not to be involved in competitive decisions relating to RNA vaccines or lipid nanoparticles, and she has confirmed that she has not, and even after also becoming CEO of Arbutus, will not make such competitive decisions. As a publicly traded company, Arbutus' business programs are all known to the Defendants, and none of them relate to "RNA vaccines or lipid nanoparticles"—the only subject matter that is relevant to the prohibition on competitive decision making under the DCO. Thus, nothing about Ms. Androski's additional role presents a risk that requires expedited briefing or temporary de-designation of Ms. Androski.




Honorable Tonianne J. Bongiovanni, U.S.M.J.  April 14, 2025
Page 2

  Indeed, Defendants' actions in the last six weeks belie their current assertion that expedited briefing or temporary de-designation is required. Ms. Androski was appointed CEO of Arbutus six weeks ago, on February 25, 2025. Defendants objected to Ms. Androski's continued designation based on her new role at Arbutus on February 28, 2025. On March 4th, Plaintiffs informed Defendants that Ms. Androski was still properly designated under the DCO and disagreed with Defendants' request that she be de-designated, temporarily or otherwise. Accordingly, contrary to Defendants' letter, Defendants have known for six weeks that Ms. Androski continues to have access to information designated under the DCO. Defendants have not explained why, after the passage of six weeks, one more week for Plaintiffs' response would be prejudicial to Defendants.

  Plaintiffs repeatedly have made the assurances and clarifications that Defendants requested, and Defendants have not identified any basis for alleging an actual DCO violation. Plaintiffs respectfully submit that one week to respond to Defendants' unfounded allegations is reasonable and necessary. Based on the reality of what Arbutus does and does not do, Ms. Androski's additional role changes nothing about the appropriateness of her previously agreed designation under the DCO. As such, there is no legitimate justification for temporarily de-designating her, which would be highly prejudicial to Plaintiffs. Defendants' objection to Ms. Androski is hardly an emergency that requires immediate action.

***

  We thank Your Honor for your consideration of the foregoing and continued attention to this matter. Should Your Honor have any questions, or would like to discuss, we are available at your convenience.

              Respectfully submitted,

              *s/ James S. Richter*

              James S. Richter

Cc: All Counsel of Record (by ECF)

