

WILLIAM P. DENI, JR.
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102
Direct: (973) 596-4853 Fax: (973) 639-8373
wdeni@gibbonslaw.com

April 23, 2025

**VIA ECF**

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

   Re: *Arbutus Pharma Corp., et al. v. Pfizer Inc., et al.*
      Civil Action No. 23-1876 (ZNQ) (TJB)

Dear Judge Bongiovanni:

  Defendants respectfully seek leave to submit this brief response to certain arguments raised by Plaintiffs in their April 21 letter (ECF No. 175). To be clear, Defendants have not accused Ms. Androski of violating the DCO. Instead, they request a temporary revocation of Ms. Androski's designation while investigating, including by taking Ms. Androski's deposition, whether such revocation should become permanent. Neither her declaration nor Plaintiffs' letter brief adequately addresses Defendants' serious concerns.

  For example, Ms. Androski's declaration failed to credibly explain her public statement that Arbutus seeks to "maximiz[e] the company's ***contributions to LNP delivery*** through Genevant." Androski Decl. ¶ 31 (quoting ECF No. 170-1) (emphasis added). Ms. Androski acknowledges that Arbutus may seek to benefit from "its license of its LNP delivery technology to Genevant," including by enforcing "Arbutus' patented LNP delivery technology." Yet, she claims that collecting royalties is not "contribut[ing] to LNP delivery ...." *Id.* This is irreconcilable. A plain reading of Ms. Androski's public statements strongly suggests that, as Arbutus' CEO, she intends to contribute to Genevant's efforts to monetize Arbutus' LNP patent rights. *See, e.g.*, *ST Sales Tech Holdings, LLC v. Daimler Chrysler Co.*, 2008 WL 5634214, at \*6 (E.D. Tex. Mar. 14, 2008) (rejecting argument that an attorney was not a "competitive decisionmaker because [plaintiff] does not manufacture products" and instead was "in the business of acquiring and enforcing patents").

  It is inconsistent for Plaintiffs to represent that "Arbutus has no current or planned ... licensing programs in" the admittedly "prohibited areas of RNA vaccines and lipid nanoparticles ('LNPs')," ECF No. 175 at 1-2, when Plaintiffs' complaint alleges that Arbutus has granted an exclusive license to Genevant to the patents at issue in this case that they allege cover LNPs. ECF No. 1, ¶ 9. Additionally, in its recent SEC filings, Arbutus also reiterated that it has "two royalty entitlements" based on an Alnylam product's use of Arbutus' "LNP delivery technology,"

GIBBONS P.C.

Honorable Tonianne J. Bongiovanni, U.S.M.J
April 23, 2025
Page 2

explaining it "expect[s] to depend in part on our licensing agreements for a significant portion of our revenues." Ex. A at 14, 49.

      Finally, Plaintiffs omit important context regarding Pete Zorn's designation under the DCO. On December 11, 2023, Defendants agreed to Mr. Zorn's designation "based on Plaintiffs' representations regarding his role" as Chief Legal Officer. Arbutus represented that it "d[id] not intend to designate" any additional in-house counsel "with competitive decision making responsibilities," and Defendants emphasized that their consent to any future designations would be made "on a counsel-by-counsel basis." Plaintiffs' disclosure of Highly Confidential information to Arbutus' CEO—without first notifying Defendants of Ms. Androski's new role, much less seeking Defendants' consent based on such materially changed circumstances—is at odds with Mr. Zorn's designation, not consistent with it.

***

      We thank the Court for its attention to this matter and are available at the Court's convenience to address any questions or concerns.

Respectfully submitted,

s/ William P. Deni, Jr.
William P. Deni, Jr.

cc: All counsel of record (via ECF)