

**JAMES S. RICHTER**
Of Counsel
(201) 874-7325 (m)
jrichter@midlige-richter.com

December 19, 2025

<u>**BY ECF**</u>

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
Clarkson S. Fisher Federal Building & U.S. Courthouse
Room 6052
402 E. State Street
Trenton, New Jersey 08608

**Re:** ***Arbutus Biopharma Corp. and Genevant Sciences GmbH v. Pfizer Inc. and BioNTech SE*, Civil Action No. 23 CV 1876 (ZNQ) (TJB*)**

Dear Judge Bongiovanni:

This firm represents Plaintiffs in the above-referenced matter, along with Quinn Emanuel Urquhart & Sullivan, LLP, co-counsel for Genevant Sciences GmbH, and Morrison & Foerster LLP, co-counsel for Arbutus Biopharma Corporation (collectively, "Plaintiffs"). We write on behalf of all parties regarding the parties' proposed schedules for completing this case and respective positions regarding same. *See* Ex. A.

**<u>Plaintiffs' Position</u>**: This case has been pending since April 4, 2023. *See* D.I. 1. The Court recently decided *Markman* on September 9, 2025. *See* D.I. 246 & 247. Although there has not been a formal scheduling order entered, the parties have been engaged in extensive written discovery and are poised to start depositions and complete fact discovery immediately when the court rules on the outstanding discovery motions. After the *Markman* decision was issued, the parties exchanged several proposed schedules for completing this case. *See* Ex. A. The fundamental disagreement between the parties revolves around scheduling the trial.

Plaintiffs' original proposal ("Plaintiffs' Proposed Deadlines") largely followed the previous time periods the parties had agreed to for completing both fact and expert discovery (*see* Ex. B), and proposed that trial take place in May 2027—more than 4 years after this case was first filed. Defendants countered with a longer schedule for completing expert discovery and pre-trial briefing and further proposed that trial take place in October 2027—5 months after Plaintiffs' proposed date.

Defendants' reason for proposing a later trial date is that the same product accused of infringement in this case, Defendants' Comirnaty COVID-19 vaccine, is accused of infringement

 T. 908.626.0622
F. 908.626.0322     www.midlige-richter.com
info@midlige-richter.com     645 Martinsville Road
Basking Ridge, NJ 07920

Honorable Tonianne J. Bongiovanni, U.S.M.J.                    December 19, 2025
                                                                        Page 2

in an April 2024 District of Delaware case captioned, *GlaxoSmithKline Biologicals SA et. al. v. Pfizer Inc. et. al.*, C.A. No. 24-512 (D. Del.) (the "Delaware Case"), which is scheduled to proceed to trial on June 7, 2027. *See id.*, D.I. 56. That case has nothing whatsoever to do with Plaintiffs or this earlier-filed matter. There is no justification to delay this earlier-filed matter so that the later-filed Delaware Case may be tried first. Indeed, the Delaware Case was filed ***more than a year after*** this case, on April 25, 2024. *See id.*, D.I. 1. Moreover, Pfizer is the largest pharmaceutical company in the world (by revenue) — it should not be heard to complain that it is too busy to have a timely trial in this case.

In any event, in an effort to accommodate Defendants while acknowledging Plaintiffs' interest in timely reaching justice on its claims, Plaintiffs revised their proposal so that trial could commence in this case in April 2027, giving Defendants two months between trials. *See* Ex. A at "Plaintiffs' Counter-Counter Proposal." The equitable and reasonable result is for this matter to proceed to trial first, before the Delaware Case. Indeed, *Markman* proceedings in the Delaware Case will not take place until at least April 2026 (*see* Delaware Case at D.I. 56), and there is no guarantee, given the lack of progress in the Delaware Case to date, that the June 2027 trial date will hold. Indeed, there are several examples of the presiding judge in the Delaware case adjourning trial dates. *See e.g.*, *Cisco Sys., Inc. v. Ramot at Tel Aviv Univ. Ltd.*, C.A. No. 21-1365-GBW, D.I. 289, 290 (D. Del. Sep. 24, 2025); *Biogen Inc. v. Zydus Worldwide DMCC*, C.A. No. 23-732-GBW, D.I. 85, 94 (D. Del. July 22, 2025); *Int'l Business Mach. Corp. v. Rakuten, Inc.*, C.A. No. 21-461-GBW, D.I. 571 (D. Del. Jan. 9, 2024).

Instead of accepting Plaintiffs' compromise and working towards trial in this case, Defendants proposed to push trial off indefinitely (as they do in a footnote now) and provide dates only through close of expert discovery in January 2027. *See* Ex. A at "Defendants' Updated Counter Proposal." Defendants' proposal to first approach the Court for a trial date only ***after*** that January 2027 close of expert discovery would essentially ensure that trial will not occur until at least 2028.

As all parties are aware, this Court's calendar is very busy and Plaintiffs respectfully submit that the most efficient way to proceed would be for the Court to schedule the trial sufficiently in advance, and then set an accompanying schedule, so the Court and the parties can have certainty as to how this case will proceed from here to the end. Defendants' proposal will only result in uncertainty and delay, which is fundamentally unfair to Plaintiffs. Again, this case has been pending since April 4, 2023.

Defendants' argument that "[t]his case is a complex patent infringement action involving five asserted patents from two patent families and 103 asserted claims . . . necessitates Defendants' proposed schedule" is undermined by the schedule it agreed to in the Delaware Case. When Defendants agreed to the schedule in the Delaware Case, they faced 227 claims from eight patents across three different families. Delaware Case, D.I. 130 at 2; *see also id.*, D.I. 26, Exhibits 1-5, 83-85. Despite this, Defendants agreed to a schedule with trial scheduled 313 days after the close of fact discovery.[1] *Id.*, D.I. 56 at 3. Here, Plaintiffs' proposal sets trial at about 350 days after fact

---

[1] It was not until last month that the Delaware court ordered the GSK Plaintiffs to narrow the number of asserted claims to 80 across eight patents. Delaware Case, D.I. 130 at 12.



Honorable Tonianne J. Bongiovanni, U.S.M.J.                    December 19, 2025
                                                                                Page 3

discovery closes while Defendants' proposal sets trial *at a minimum* of 511 days after fact discovery closes.   *Compare* Ex. A at "Plaintiffs' Counter-Counter Proposal" *with id.* at "Defendants' Counter-Proposed Deadlines."  Defendants provide no reason why the parties in this case cannot proceed to trial 350 days after close of fact discovery when 313 days were sufficient for Defendants when facing 227 claims from eight patents across three families in the Delaware Case.  Defendants' and Plaintiffs' proposals set the close of fact discovery in this case almost three months prior to the close of fact discovery in the Delaware Case.  *Compare* Ex. A *with* Delaware Case, D.I. 56 at 3.  It therefore makes sense that this case could proceed to trial two months prior to the Delaware Case.

Defendants' other arguments also do not necessitate their open-ended proposal.  That the parties "agreed on deadlines through expert discovery" prior to Defendants informing Plaintiffs of their scheduled trial date in the Delaware Case is irrelevant.  That those dates were acceptable to Plaintiffs when they assured a trial date in May 2027 does not make those dates acceptable when they assure a trial date in October 2027 or later.  Further, Defendants attempt to blame this court, saying the court not ruling on the outstanding discovery motions makes it impossible for them to agree to deadlines.  The proposed close of fact discovery is not until May 2026.  That leaves the Court with more than sufficient time to decide the motions.  Should the court prefer additional time between summary judgment/*Daubert* briefing and the pre-trial conference, Plaintiffs are not opposed to shorter intervals for expert discovery similar to those in the Delaware Case.  Delaware Case, D.I. 56 at 18.

For these reasons, Plaintiffs respectfully request that the Court enter Plaintiffs' proposed schedule which is attached hereto as Exhibit C.

**Defendants' Position**:

Defendants' proposed schedule is the more reasonable option given the scope of the issues in this case and is in the interest of convenience for the Court and the parties. Plaintiffs' appeal to irrelevant and prejudicial comments about the parties' respective revenue, baseless rhetoric characterizing Defendants' arguments, and inconsistent positions underscores the weakness of their position.

This case is a complex patent infringement action involving five asserted patents from two patent families and 103 asserted claims—this alone necessitates Defendants' proposed schedule. Due in part to the numerous families and claims, there has been significant, time-intensive discovery that the parties expect will continue.  This includes several pending discovery motions before the Court, the outcome of which will affect the scope of the issues to be addressed in discovery. The parties also expect substantial briefing on summary judgment and *Daubert* motions. Defendants' proposed schedule takes these issues into consideration, along with the critical fact that Defendants are each represented by the same lead counsel and law firms in another patent litigation involving the same accused products.[2] The *GSK* matter is currently pending in the District of Delaware and has been set for a five-day jury trial in June 2027. There is no reason to

---

[2] *See GlaxoSmithKline Biologicals SA et al v. Pfizer Inc. et al*, C.A. 1:24-cv-00512-GBW (D. Del.) (the "*GSK* matter"), D.I. 56.



Honorable Tonianne J. Bongiovanni, U.S.M.J.                          December 19, 2025
                                                                                      Page 4

believe that this date will change, as Plaintiffs baldly assert. Indeed, two of the cases that Plaintiffs rely on to support their unfounded assertion that this date may change involved instances where Judge Williams had another trial scheduled to begin the same day,[3] but that fact does not exist here. No other trial is scheduled for that week in front of Judge Williams; thus, Plaintiffs' concern is speculative at best. Defendants' proposed schedule provides the Court with more time to address what is expected to be significant summary judgment and *Daubert* motions and avoids conflicting deadlines with the *GSK* matter.

Plaintiffs' own actions over the last few months belie their request for an expedited schedule. The Court's initial schedule only set deadlines through the *Markman* hearing. D.I. 38, 50, 58, and 148. However, Plaintiffs did not propose a case schedule until October 15, over a month after the Court issued the Claim Construction Order (D.I. 247), and over two weeks after Defendants requested that Plaintiffs prepare a schedule for consideration. Defendants then provided a counterproposal on October 28, and the parties met and conferred regarding the proposals on November 7. At that point, the parties were largely in agreement on deadlines through expert discovery but differed on pretrial deadlines and a trial date. These dates are shown in the table below:

| Event | Plaintiffs' Proposed Deadlines | Defendants' Counter-Proposed Deadlines |
|---|---|---|
| Disclosure of advice of counsel (L. Pat. R. 3.8) | November 7, 2025 | November 7, 2025 |
| Close of fact discovery | May 15, 2026 | May 15, 2026 |
| Opening expert reports on issues on which a party bears the burden of proof | July 14, 2026 | July 17, 2026 |
| Responsive expert reports (including assertion of secondary indicia) | September 14, 2026 | September 18, 2026 |
| Reply expert reports (including rebuttal to secondary indicia) | October 29, 2026 | October 29, 2026 |
| Close of expert discovery | December 23, 2026 | January 15, 2027 |

---

[3] *See Cisco Sys., Inc. v. Ramot at Tel Aviv Univ. Ltd.*, C.A. No. 21-1365-GBW, D.I. 289, 290 (D. Del. Sep. 24, 2025); *Biogen Inc. v. Zydus Worldwide DMCC*, C.A. No. 23-732-GBW, D.I. 85, 94 (D. Del. July 22, 2025).



Honorable Tonianne J. Bongiovanni, U.S.M.J.                                    December 19, 2025
                                                                                      Page 5

| Filing of any summary judgment or *Daubert* motions | January 25, 2027 | March 13, 2027 |
|---|---|---|
| Summary judgment/*Daubert* Opposition motions | | April 17, 2027 |
| Summary judgment/*Daubert* Reply motions | | May 15, 2027 |
| Parties submit Joint Pretrial Order, proposed *voir dire*, preliminary jury instructions, final jury instructions, and special verdict forms | Not later than 7 days before the pretrial conference | July 31, 2027 |
| Final pretrial conference | April 2027, subject to Court's availability | September 2027, subject to Court's availability |
| Trial (7 days) | May 2027, subject to Court's availability | October 2027, subject to Court's availability |

At the November 7 meet and confer, Defendants made Plaintiffs aware that the *GSK* matter had already been set for trial in June 2027. Thus, Plaintiffs' original proposed trial date of May 2027 would pose a significant burden on Defendants and their counsel, and a trial date later in time was needed to avoid conflicts. However, because the parties largely agreed on deadlines through expert discovery, Defendants proposed in the alternative that the parties submit a schedule to the Court reflecting those agreed deadlines and separately propose a schedule for the remaining pretrial deadlines and trial at a later date. Defendants' proposal would have provided the Court and the parties with certainty now and flexibility later, which is especially important given that the final scope of issues in this case is still to be determined.[4]

Instead, following this meet and confer and learning of Defendants' conflict, Plaintiffs rescinded the agreed-upon deadlines, and newly sought to compress the case schedule even further. The parties agreed upon intervals between discovery and pretrial deadlines over two years ago, (*see* Joint Discovery Plan at Ex. A, attached to K. Escanlar email to Judge Bongiovani, dated August 7, 2023), but Plaintiffs' proposal now shortens many of the intervals to arrive at their proposed trial date in mid-April 2027. Given the complexity of this case, the various pending motions which may significantly impact the scope of the issues to be decided and tried, and the settled schedule in the *GSK* matter, Plaintiffs' proposal is unworkable.

---

[4] If the Court were not inclined to adopt Defendants' proposed schedule, (Ex. D), including a trial date in October 2027 (subject to the Court's availability), Defendants maintain their alternate proposal to schedule deadlines through the close of expert discovery now and at a later date schedule pretrial deadlines and a date for trial, subject to the Court's availability.



Honorable Tonianne J. Bongiovanni, U.S.M.J.                    December 19, 2025
                                                                        Page 6

That the *GSK* matter was filed later in time is of no moment. The Court here entered the schedule in 2024 through the *Markman* hearing, as is customary in this District. D.I. 38, 50, 58, and 148. The District of Delaware in the *GSK* matter entered the schedule in April 2025 through trial. That another matter in another venue was filed later in time is no reason to rush the schedule here or to ignore conflicts with the *GSK* schedule for the sake of getting to trial earlier.[5] Likewise, Plaintiffs have issued discovery requests to Defendants in this matter requesting materials from the *GSK* matter, only further undermining its argument that the *GSK* matter "has nothing whatsoever to do with" this case.[6]

Plaintiffs criticize Defendants' alternative proposal that the Court revisit the schedule for trial when there is greater clarity on the issues to be tried, but Plaintiffs agreed to exactly that in its *Moderna* matter. *See Arbutus Biopharma Corporation et al v. Moderna, Inc. et al*, C.A. 22-cv-00252-JDW (D. Del.), ECF No. 72 (setting deadlines through the close of dispositive motion briefing, but "[a]ll further deadlines, including setting a trial date, shall be set following resolution of dispositive/*Daubert* motions."). Plaintiffs' multitude of inconsistent positions undermine any credibility in their argument.

Critically, Plaintiffs' proposed schedule only leaves about one month between the close of briefing on summary judgment and *Daubert* motions and the proposed date for a pretrial conference. Given the complexity of issues in this matter, the volume of asserted claims and defenses—and thus the expected issues to be addressed in expert discovery—one month provides little time for the Court to consider and address these motions. Defendants' proposal would provide about four months between the close of briefing on summary judgment and *Daubert* motions and the proposed date for a pretrial conference. Defendants' proposal is more convenient for the Court and realistic given the likely breadth of the issues to be decided.[7] Plaintiffs' alternative proposal to compress the expert discovery deadlines even further in order to afford more time for the Court to consider summary judgment and *Daubert* motions only exacerbates the issues with their proposal, particularly in light of the complex, technical nature of this matter and the issues to be addressed in expert discovery. Relatedly, Plaintiffs' appeal to baseless rhetoric by casting Defendants' position as "blam[ing] the Court" is not based in fact or logic, and such rhetoric is neither productive nor compelling.

---

[5] Relatedly, Plaintiffs are currently asserting some of the same patents-in-suit in another lawsuit related to Moderna's COVID-19 vaccine that is scheduled to begin a jury trial on March 9, 2026. *See Arbutus Biopharma Corporation et al v. Moderna, Inc. et al*, C.A. 22-cv-00252-JDW (D. Del.) (the "*Moderna* matter"), ECF No. 485. Defendants' schedule was originally proposed to accommodate trial in the *Moderna* matter.

[6] Similarly, Plaintiffs' confusing and prejudicial appeal to Defendant Pfizer's size and revenue as a reason for compressing the case schedule should hold no weight.

[7] To the extent that the Court would prefer more than four months to consider summary judgment and *Daubert* motions, Defendants are not opposed to a longer interval between the close of briefing and the pretrial conference and a trial date later in time than October 2027.



Honorable Tonianne J. Bongiovanni, U.S.M.J.                    December 19, 2025
                                                                      Page 7

       Finally, given the already-scheduled June 7, 2027 jury trial in the *GSK* matter, Plaintiffs' proposal of a seven-day jury trial to take place in mid-April 2027 does not meaningfully alleviate Defendants' burden. While Plaintiffs assert that their proposed April 2027 trial date was intended to convenience Defendants, Plaintiffs' proposal does nothing of the sort. Defendants' proposed trial date of October 2027, subject to the Court's availability, provides the Court with more time to consider the various issues that will be before it, provides the parties with sufficient time to litigate the case through the various discovery and pretrial deadlines, and provides Defendants and their counsel with sufficient time between the two trials.

       Defendants' proposed schedule is the more reasonable option and is in the interest of convenience to the Court and the parties.

Respectfully submitted,

*s/ James S. Richter*

James S. Richter

Encl.


Cc: All Counsel of Record (by ECF)

# EXHIBIT A

| Event | Plaintiffs' Proposed Deadlines | Defendants' Counter-Proposed Deadlines | Defendants' Updated Counter-proposal | Plaintiffs' Counter-counter proposal |
|---|---|---|---|---|
| Close of fact discovery | May 1, 2026 | May 15, 2026 | May 8, 2026 | May 8, 2026 |
| Opening expert reports on issues on which a party bears the burden of proof | July 14, 2026 | July 17, 2026 | July 17, 2026 | June 26, 2026 |
| Responsive expert reports (including assertion of secondary indicia) | September 14, 2026 | September 18, 2026 | September 18, 2026 | August 28, 2026 |
| Reply expert reports (including rebuttal to secondary indicia) | October 29, 2026 | October 29, 2026 | October 29, 2026 | October 9, 2026 |
| Close of expert discovery | December 23, 2026 | January 15, 2027 | January 15, 2027 | December 1, 2026 |
| Filing of any summary judgment or *Daubert* motions | January 25, 2027 | March 13, 2027 | | January 5, 2026 |
| Summary judgment/*Daubert* Opposition motions | | April 17, 2027 | | February 6, 2026 |
| Summary judgment/*Daubert* Reply motions | | May 15, 2027 | | February 27, 2026 |
| Parties submit Joint Pretrial Order, proposed *voir dire*, preliminary jury instructions, final jury instructions, and special verdict forms | Not later than 7 days before the pretrial conference | July 31, 2027 | | March 12, 2027 |
| Final pretrial conference | April 2027, subject to Court's availability | September 2027, subject to Court's availability | | Early April 2027, subject to the Court's availability |
| Trial (7 days) | May 2027, subject to Court's availability | October 2027, subject to Court's availability | | Mid-April 2027, subject to the Court's availability |

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARBUTUS BIOPHARMA CORP. and GENEVANT SCIENCES GMBH,<br><br>    Plaintiffs/Counterclaim-Defendants,<br><br>    v.<br><br>PFIZER INC. and BIONTECH SE,<br><br>    Defendants/Counterclaimants. | Civil Action No. 3:23-1876-ZNQ-TJB<br><br>Jury Trial Demanded<br><br>RULE 26(f) MEET AND CONFER DATE: July 31, 2023 at 10:30 A.M.<br><br>RULE 16 CONFERENCE DATE: August 28, 2023 at 2:30 P.M. |

**JOINT DISCOVERY PLAN**

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), Local Civil Rule 26.1(b), the Local Patent Rules, and the Court's July 11, 2023 Order (ECF No. 21), counsel for Plaintiffs/Counterclaim-Defendants Arbutus Biopharma Corp. ("Arbutus") and Genevant Sciences GmbH ("Genevant") (together, "Plaintiffs") and counsel for Defendants/Counterclaimants Pfizer Inc. ("Pfizer") and BioNTech SE ("BioNTech") (together, "Defendants"), respectfully submit this Joint Discovery Plan.

**1.    Brief Statement Of Facts**

This is a civil action by Plaintiffs against Defendants filed on April 4, 2023, under the patent laws of the United States, 35 U.S.C. § 101 et seq., seeking damages for Defendants' manufacture, use, sale, offer for sale, and/or importation of their COVID-19 vaccine product, also known as Comirnaty, Tozinameran, BNT162b2, or PF-07302048 (the "Accused Product"). Plaintiffs allege that Defendants' manufacture, use, sale, offer to sell, and/or importation of the Accused Product directly and indirectly infringes one or more claims of U.S. Patent Nos. 9,504,651 (the "'651 Patent"); 8,492,359 (the "'359 Patent"); 11,141,378 (the "'378 Patent"); 11,298,320

(the "'320 Patent"); and 11,318,098 (the "'098 Patent") (collectively, the "Asserted Patents"), and that Defendants' infringement is willful.

Defendants deny Plaintiffs' allegations and assert affirmative defenses of non-infringement; invalidity; patent misuse; failure to state a claim; failure to join a required party; no willful infringement; no exceptional case; prosecution history disclaimer and estoppel; estoppel, waiver, acquiescence, laches, and unclean hands; safe harbor under 35 U.S.C. § 271(e)(1); no costs under 35 U.S.C. § 288; and limitation on damages under 35 U.S.C. § 287.  Defendants additionally assert Counterclaims seeking declarations of non-infringement and invalidity of the Asserted Patents, and declarations of patent misuse of the '378, '320, and '098 patents.  Plaintiffs deny Defendants' Counterclaim allegations.

**2.      Description Of All Discovery Conducted By The Parties To Date**

The parties have not conducted any discovery to date.

**3.      Description Of All Discovery Problems Encountered To Date**

The parties have not encountered any discovery problems to date.

**4.      Description Of The Parties' Further Discovery Needs**

The parties anticipate seeking discovery on all the issues raised in the Complaint, the Answer and Counterclaims, and the Answer to Counterclaims in this case.  The parties contemplate seeking written discovery, including requests for the production of documents and things, interrogatories, and requests for admission.  The parties also anticipate taking depositions of both party and non-party witnesses.

**5.      The Parties' Estimate Of The Time Needed To Complete Discovery**

The parties' proposed deadlines are set forth in Exhibit A.

**6.      Expert Testimony**

The parties expect that expert testimony will be required.  The parties' proposed deadlines regarding expert discovery are set forth in Exhibit A.

**7.      Limitations On Discovery**

To the extent not provided for below, limitations to discovery will be imposed by the Federal Rules of Civil Procedure, the Local Civil Rules, and any standing orders issued by the Court.  The parties propose the following limits to interrogatories, requests for admission, and depositions.

      **a.      Written Discovery**

The parties agree that each side (Plaintiffs collectively on one side; Defendants collectively on the other) will have a maximum of 25 Interrogatories.  The parties agree that each side should be limited to 45 Requests for Admission.  The limit on requests for admission shall not apply to requests for admissions as to the authenticity of documents or things.  The parties agree that both sides may serve requests for production pursuant to Fed. R. Civ. P. 34.

      **b.      Depositions**

Number of Depositions: The parties agree that discovery should be conducted in accordance with the parameters set forth in the Federal Rules of Civil Procedure and the Local Civil Rules of this Court except as described below.

Each side is limited to a total of 120 hours of 30(b)(1) and 30(b)(6) testimony by deposition upon oral examination, including third-parties.

Absent a contrary agreement between the parties or an Order of the Court, each deposition shall not extend beyond seven (7) hours of deposition time (provided that the deposition is in English).  Each deposition shall count as a minimum of three and a half hours toward the requesting party's aggregate deposition time.  Deposition time for witnesses testifying through an interpreter

shall be discounted by 50% for the purpose of calculating individual and aggregate deposition time. To the extent a party reasonably believes that additional deposition time is necessary, both parties shall meet and confer in good faith in an attempt to achieve resolution. If the parties are unable to achieve resolution, a party may seek relief from the Court.

Locations of depositions: Unless the parties agree otherwise, all depositions of witnesses who are current employees of a party or are a third party represented by counsel for Plaintiffs or Defendants, and reside in the U.S., will take place at a mutually agreed upon location within the U.S. Depositions of expert witnesses will take place in the U.S. For witnesses who are current employees of a party or are a third party fact witness represented by counsel for Plaintiffs or Defendants, that reside outside the U.S., the parties will meet and confer in good faith regarding the taking of such deposition, including the location and hosting thereof.

Privilege protocol: The parties will confer regarding the management of attorney-client privilege and work product protection and are negotiating a privilege protocol that will be incorporated into the parties' Stipulated Discovery Confidentiality Order.

Experts: The protections provided by Federal Rule of Civil Procedure 26(b)(4) relating to experts apply to this litigation.

**8.    Description Of Special Discovery Needs**

The parties intend to request digital information as described in L. Civ. R. 26.1. The parties will meet and confer on the scope of discovery of electronically stored information. The parties will exchange proposals and update the Court on the status of the proposals. The parties anticipate that they may request discovery related to third parties. If the parties cannot agree about how to conduct this discovery, they will request the Court's assistance.

The parties anticipate that some documents and things to be produced in this action will originate in foreign countries. The parties further anticipate that some documents and things to be

4

produced in this action might be in languages other than English.  The parties also anticipate that they will request depositions of individuals currently residing in foreign countries and/or individuals who may not speak fluent English.  If the parties cannot agree about how to conduct this discovery, they will request the Court's assistance.

**9.    Additional Items From Local Patent Rule 2.1(a)**

**a.    Proposed Modifications Of The Obligations Or Deadlines Set Forth In The Local Patent Rules**

The parties agree to an additional three weeks for the parties to submit their stipulated confidentiality order.  Given the needs of the case and the scheduling of certain holidays, the parties agree to extend the deadlines for exchanging contentions as set forth in Schedule A.

**b.    Scope And Timing Of Any Claim Construction Discovery**

The parties have conferred and set forth a proposed schedule governing the scope and timing of claim construction discovery in Exhibit A.

**c.    The Format Of The Claim Construction Hearing**

The parties believe that the format of the claim construction hearing should be discussed after the parties exchange their preliminary proposed constructions and the intrinsic and extrinsic evidence that the parties intend to rely on.  The parties will promptly inform the Court of their proposal in accordance with L. Pat. R. 4.3 and 4.6.

**d.    How The Parties Intend To Educate The Court On The Patent(s) At Issue**

The parties believe that the issue of how the parties intend to educate the Court on the patents should be discussed after the parties exchange their preliminary proposed constructions and the intrinsic and extrinsic evidence that the parties intend to rely on.  The parties will promptly inform the Court of their proposal in accordance with L. Pat. R. 4.3 and 4.6.

**e.     The Need For A Discovery Confidentiality Order**

The parties agree that a discovery confidentiality order is needed and will submit a proposed order according to the proposed schedule set forth in Exhibit A.

**f.     Availability And Timing Of Production Of Certain Evidence Described In Local Patent Rule 2.1(a)(6)**

Invention records (including inventor laboratory notebooks and analytical test results)

The proposed timing of compliance with L. Pat. R. 3.2(b) is governed by the schedule set forth in Exhibit A.

The date of conception and the date of reduction to practice for each patent asserted in the action, if applicable;

The parties agree that the alleged date of conception and alleged date of reduction to practice for each patent asserted in this action are relevant to any party's claims or defenses and proportional to the needs of the case, thus documents evidencing the alleged date of conception and alleged date of reduction to practice for each patent asserted in this case will be provided on the deadline for disclosures required by L. Pat. R. 3.2, which is set forth in Exhibit A.   The parties also agree that Plaintiff will respond to any interrogatory requesting identification of the date of conception and the date of reduction to practice in accordance with Federal Rule of Civil Procedure 33.

Each named inventor's availability for deposition in the matter;

Plaintiffs will work in good faith with Defendants to reach mutually agreeable dates for the depositions of the inventors, unless other arrangements are agreed between the parties.  Plaintiffs will identify which named inventors they represent in their Fed. R. Civ. P. 26(a)(1) initial disclosures and provide known contact information for any named inventors not represented by Plaintiffs.

6

<u>Availability of foreign witnesses for deposition and foreign documents;</u>

The parties will confer regarding the availability of foreign witnesses for deposition and foreign documents and work in good faith to resolve any disputes.

<u>A date for substantial completion of document production and a method for determining compliance;</u>

A date for substantial completion of document production is set forth in Exhibit A. The parties will confer in good faith to ensure compliance with this deadline.

<u>Any other issues or matters that a party believes are time sensitive.</u>

**Defendants' statement:** Defendants/Counterclaim-Plaintiffs Pfizer and BioNTech noted in their Answer, Affirmative Defenses, and Counterclaims (D.I. 17 at ¶ 38) and in their certification pursuant to Local Civil Rule 11.2 and 40.1 (D.I. 17 at p. 76), that Plaintiffs/Counterclaim-Defendants Arbutus Biopharma Corp. and Genevant Sciences GmbH were involved in a proceeding before the U.S. District Court for the Southern District of New York brought by Acuitas Therapeutics Inc. ("Acuitas"), captioned *Acuitas Therapeutics Inc. v. Genevant Sciences GmbH et al.*, No. 22-2229 (S.D.N.Y.) (D.I. 1, 80) ("SDNY Action").  Defendants/Counterclaim-Plaintiffs also have raised in the present action an affirmative defense for "failure to join a required party" because "Plaintiffs' Complaint improperly failed to name or join Acuitas Therapeutics, Inc." Since that time, Acuitas has voluntarily dismissed the SDNY Action and filed its declaratory judgment suit in this District, Civ. No. 3:23-cv-04200 (D.I. 1 at ¶ 7), relating in part to the noninfringement and invalidity of the patents at issue in the present action:  U.S. Patent Nos. 9,504,651; 8,492,359; 11,141,378; 11,298,320; and 11,318,098.  Defendants anticipate working with Acuitas and Plaintiffs in good faith to maximize efficiencies for both the parties and the Court in both actions.

**Plaintiffs' responsive statement**:  Acuitas's Complaint was filed three days ago on Friday evening, August 4, 2023 and issue has not been joined.  Indeed, service has not even been effected as yet.  Nevertheless, Plaintiffs are assessing the Acuitas filing, including potential motions and defenses, and believe any discussion or consideration of any matters relating to that new filing is premature, including any discussion of case coordination.

**Exhibit A**

| Event | Proposed Date |
|---|---|
| Rule 26(f) Conference/E-Discovery conference pursuant to L. Civ. R. 26.1(d) | July 31, 2023 |
| File Joint Discovery Plan | August 7, 2023 |
| Initial Disclosures | August 14, 2023 |
| Initial Rule 16 Scheduling Conference | August 28, 2023 |
| Submit Stipulated Confidentiality Order (L. Pat. R. 2.2.) | October 2, 2023 |
| Plaintiffs serve disclosure of asserted claims and infringement contentions and document production accompanying disclosure (L. Pat. R. 3.1-3.2) | October 2, 2023 |
| Defendants serve non-infringement contentions and any document or thing they intend to rely on (L. Pat. R. 3.2A)<br><br>Defendants serve invalidity contentions and document production accompanying disclosure (L. Pat. R. 3.3, 3.4) | December 7, 2023 |
| Plaintiffs serve responses to invalidity contentions and any document or thing they to rely on (L. Pat. R. 3.4A) | January 11, 2024 |
| Amendments to pleadings or to add parties | **Plaintiffs' Proposal:** January 25, 2024<br><br>**Defendant's Proposal:** 45 days after entry of Court's Markman Order, or 45 days after the substantial completion of document production, whichever is later |
| Exchange of proposed terms for construction (L. Pat. R. 4.1) | January 25, 2024 |
| Exchange of preliminary claim constructions and supporting intrinsic and | February 15, 2024 |

9

| Event | Proposed Date |
|---|---|
| extrinsic evidence (L. Pat. R. 4.2(a) and (b)) | |
| Exchange of identification of all intrinsic and extrinsic evidence that each party intends to rely upon to oppose any other party's proposed construction, including without limitation, the evidence referenced in L. Pat. R. 4.2(b). (L. Pat. R. 4.2(c)) | February 29, 2024 |
| Filing of joint claim construction and prehearing statement (L. Pat. R. 4.3) | April 1, 2024 |
| Completion of claim construction discovery (L. Pat. R. 4.4) | May 1, 2024 |
| Opening claim construction submission (L. Pat. R. 4.5(a)) | June 17, 2024 |
| Completion of expert discovery related to opening claim construction submission (L. Pat. R. 4.5(b)) | July 17, 2024 |
| Responsive claim construction submission (L. Pat. R. 4.5(c)) | August 16, 2024 |
| Confer and propose a schedule for claim construction hearing (L. Pat. R. 4.6) | August 30, 2024 |
| Substantial completion of document production and certification of substantial completion (L. Pat. R. 2.1(a)(6)) | September 20, 2024 |
| Claim construction hearing (L. Pat. R. 4.6) | To be set by Court |
| Disclosure of advice of counsel (L. Pat. R. 3.8) | 30 days after entry of Court's Markman Order |
| Close of fact discovery | November 1, 2024, or 120 days after the Court's Markman Order, whichever is later |

10

| Event | Proposed Date |
|---|---|
| Opening expert reports on issues on which a party bears the burden of proof | 60 days after the close of fact discovery |
| Responsive Expert Reports (including assertion of secondary indicia) | 60 days after opening report deadline |
| Reply Expert Reports (including rebuttal to secondary indicia) | 45 days after responsive report deadline |
| Close of expert discovery | 60 days after reply report deadline |
| Deadline to file dispositive motions | 60 days after close of expert discovery |
| Deadline to file proposed final pretrial order | TBD with Court approval |
| Pre-trial conference | TBD with Court approval |
| Trial Date | TBD with Court approval |

11

Dated: August 7, 2023

Respectfully submitted,

OF COUNSEL:

*Attorneys for Plaintiff Genevant Sciences GmbH*

Raymond N. Nimrod
Isaac Nesser
Nicola R. Felice
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
raynimrod@quinnemanuel.com
isaacnesser@quinnemanuel.com
nicolafelice@quinnemanuel.com

Kevin P.B. Johnson
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
555 Twin Dolphin Shores, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
kevinjohnson@quinnemanuel.com

Sandra L. Haberny, Ph.D.
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
sandrahaberny@quinnemanuel.com

John Yang
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
3100 McKinnon St, Suite 1125
Dallas, TX 75201
(469) 902-3600
johnyang@quinnemanuel.com

*Attorneys for Plaintiffs Arbutus Biopharma Corp. & Genevant Sciences GmbH*

*s/ Arnold B. Calmann*
Arnold B. Calmann
Katherine A. Escanlar
SAIBER LLC
One Gateway Center, 9th Floor
Newark, NJ 07102-5308
(973) 622-3333
abc@saiber.com
kescanlar@saiber.com

*Attorneys for Plaintiff Arbutus Biopharma Corp.*

Daralyn J. Durie
Adam R. Brausa
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000
ddurie@mofo.com
abrausa@mofo.com

Kira A. Davis
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
(213) 892-5200
kiradavis@mofo.com

12

| | |
|---|---|
| *Attorneys for Defendant/Counterclaimant Pfizer Inc.* | *Attorneys for Defendant/Counterclaimant BioNTech SE* |
| | |
| *s/ Liza M. Walsh* | *s/ William P. Deni, Jr.* |
| Liza M. Walsh | William P. Deni, Jr. |
| **WALSH PIZZI O'REILLY FALANGA LLP** | **GIBBONS P.C.** |
| Three Gateway Center | One Gateway Center |
| 100 Mulberry Street, 15th Floor | Newark, New Jersey 07102 |
| Newark, New Jersey 07102 | (973) 596-4500 |
| (973) 757-1100 | wdeni@gibbonslaw.com |
| lwalsh@walsh.law | |
| | OF COUNSEL: |
| Sara Tonnies Horton | |
| WILLKIE FARR & GALLAGHER LLP | Bruce M. Wexler (*pro hac vice* forthcoming) |
| 300 North LaSalle Drive | Eric W. Dittmann (*pro hac vice* forthcoming) |
| Chicago, Illinois 60654 | Isaac S. Ashkenazi (*pro hac vice* forthcoming) |
| Tel. (312) 728-9040 | PAUL HASTINGS LLP |
| SHorton@willkie.com | 200 Park Avenue |
| | New York, New York 10166 |
| Michael W. Johnson, Esq. | (212) 318-6000 |
| Heather M. Schneider, Esq. | |
| WILLKIE FARR & GALLAGHER LLP | Simon F. Kung (*pro hac vice* forthcoming) |
| 787 Seventh Avenue | PAUL HASTINGS LLP |
| New York, New York 10019 | 1117 California Avenue |
| Tel. (212) 728-8000 | Palo Alto, California 94304 |
| MJohnson1@willkie.com | (650) 320-1800 |
| HSchneider@willkie.com | |

13

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARBUTUS BIOPHARMA CORP. and GENEVANT SCIENCES GMBH, | x : : : Honorable Zahid N. Quraishi, U.S.D.J. : : Civil Action No. 23 CV 1876 (ZNQ)(TJB) : |
| Plaintiffs, | : : |
| v. | : **SCHEDULING ORDER** : |
| PFIZER INC. and BIONTECH SE, | : : : |
| Defendants. | : : x |

**THIS MATTER**, being opened to the Court by way of the parties' joint submission regarding a proposed case schedule; and the Court having considered the positions set forth in the joint submission; and for good cause shown;

**IT IS** on this _____ day of December, 2025,

**ORDERED**, as follows:

The following deadlines shall be set:

| Event | Deadline |
|---|---|
| Close of fact discovery | May 8, 2026 |
| Opening expert reports on issues on which a party bears the burden of proof | June 26, 2026 |
| Responsive Expert Reports (including assertion of secondary indicia) | August 28, 2026 |
| Reply Expert Reports (including rebuttal to secondary indicia) | October 9, 2026 |
| Close of expert discovery | December 1, 2026 |
| Filing of any Summary Judgment or *Daubert* Motions | January 5, 2027 |

1

| | |
|---|---|
| Summary Judgment/*Daubert* Opposition Briefs | February 6, 2026 |
| Summary Judgment/*Daubert* Reply Briefs | February 27, 2026 |
| Parties submit Joint Pretrial Order, proposed *voir dire*, preliminary jury instructions, final jury instructions, and special verdict forms | March 12, 2027 |
| Final Pretrial Conference | Early April 2027, subject to Court's availability |
| Trial (7 days) | Mid-April 2027, subject to Court's availability |

_____
Honorable Tonianne J. Bongiovanni, U.S.M.J.

# EXHIBIT D

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ARBUTUS BIOPHARMA CORP. and GENEVANT SCIENCES GMBH, | x<br>:<br>:  Honorable Zahid N. Quraishi, U.S.D.J.<br>:<br>:  Civil Action No. 23 CV 1876 (ZNQ)(TJB)<br>: |
| Plaintiffs, | :<br>: |
| v. | :  **SCHEDULING ORDER** |
| PFIZER INC. and BIONTECH SE, | :<br>: |
| Defendants. | :<br>:<br>:<br>x |

**THIS MATTER**, being opened to the Court by way of the parties' joint submission regarding a proposed case schedule; and the Court having considered the positions set forth in the joint submission; and for good cause shown;

**IT IS** on this _____ day of December, 2025,

**ORDERED**, as follows:

The following deadlines shall be set:

| Event | Deadline |
|---|---|
| Close of fact discovery | May 8, 2026 |
| Opening expert reports on issues on which a party bears the burden of proof | July 17, 2026 |
| Responsive Expert Reports (including assertion of secondary indicia) | September 18, 2026 |
| Reply Expert Reports (including rebuttal to secondary indicia) | October 29, 2026 |
| Close of expert discovery | January 15, 2027 |
| Filing of any Summary Judgment or *Daubert* Motions | March 13, 2027 |

| | |
|---|---|
| Summary Judgment/*Daubert* Opposition Briefs | April 17, 2027 |
| Summary Judgment/*Daubert* Reply Briefs | May 15, 2027 |
| Parties submit Joint Pretrial Order, proposed *voir dire*, preliminary jury instructions, final jury instructions, and special verdict forms | July 31, 2027 |
| Final Pretrial Conference | September 2027, subject to Court's availability |
| Trial (7 days) | October 2027, subject to Court's availability |

Honorable Tonianne J. Bongiovanni, U.S.M.J.

2