

**William P. Deni, Jr.**
Partner
+1 973.596.4853 (t)
+1 973.639.8373 (f)
wdeni@fbtgibbons.com

August 3, 2026

**VIA ECF AND EMAIL**

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 E. State Street Trenton, New Jersey 08608

>    Re:    ***Arbutus Pharma Corp., et al. v. Pfizer Inc., et al.,***
>        <u>**Civil Action No. 23-1876 (ZNQ) (TJB)**</u>

Dear Judge Bongiovanni:

Defendants Pfizer Inc. and BioNTech SE respectfully submit this letter in response to Plaintiffs' July 31, 2026, letter regarding the remaining discovery dispute concerning Janet Shaw's custodial files and Plaintiffs' privilege log entries. Once again, Plaintiffs have filed a letter with the Court without first conferring with Defendants and have mischaracterized the record. *See* June 23, 2026, Ltr. from W. Deni.

Plaintiffs' letter asks the Court to deny Defendants' motion to compel (ECF No. 268) on the ground that it has purportedly been "resolved in light of Defendants' inaction." Your Honor asked Defendants to narrow their discovery requests relating to Janet Shaw's custodial file and list of Plaintiffs' inadequate privilege log entries, and for the parties to provide a "pulse check" on their progress in a couple of weeks. ECF No. 321, 65:19-66:3. Consistent with the Court's directive, Defendants have spent the intervening weeks reviewing their discovery requests, analyzing Plaintiffs' document production relating to Janet Shaw, and scrutinizing the thousands of entries in Plaintiffs' privilege log to significantly narrow the parties' disputes. As a result of these efforts, Defendants sent Plaintiffs the attached letter earlier today and await Plaintiffs' response.

Plaintiffs' letter mischaracterizes the Court's direction at the July 17, 2026, hearing. The Court did not order a hard compliance deadline of July 31, 2026, and certainly not one whose expiration would render Defendants' motion moot. Instead, Defendants understood the Court's

guidance to require the parties to continue good-faith efforts to narrow the remaining issues before seeking further judicial intervention.

Surprisingly, Plaintiffs never reached out to Defendants—let alone attempted to meet and confer—before rushing to the Court with this request, despite Defendants' ongoing efforts to identify targeted requests for Ms. Shaw's file and narrow the privilege log disputes. Plaintiffs' letter should be denied on that procedural failing alone. We hope to provide Your Honor with a collaborative update on these issues once Plaintiffs have responded to our proposal.

Respectfully submitted,

s/ William P. Deni, Jr.
William P. Deni, Jr.

cc:  All counsel of record (via e-mail)