**Midlige Richter**

121 UNION AVENUE
MIDDLESEX, NEW JERSEY 08846
PHONE:  908.626.0622

**JAMES S. RICHTER**
Of Counsel
(201) 874-7325 (m)
jrichter@midlige-richter.com

August 11, 2026

**BY ECF**

Honorable Zahid N. Quraishi, U.S.D.J.
United States District Court
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

> **Re:** ***Arbutus Biopharma Corp. and Genevant Sciences GmbH v. Pfizer Inc. and BioNTech SE***, **Civil Action No. 23-1876 (ZNQ)(TJB)**

Dear Judges Quraishi and Bongiovanni:

This firm represents Plaintiffs in the above-referenced matter, along with Quinn Emanuel Urquhart & Sullivan, LLP, co-counsel for Genevant Sciences GmbH ("Genevant"), and Morrison & Foerster LLP, co-counsel for Arbutus Biopharma Corporation ("Arbutus").  We write to respectfully request that the Court: (1) administratively re-open this case; (2) schedule a status conference to discuss setting a case schedule and trial date, including setting a date to hear argument on Plaintiffs' motion to amend infringement contentions (ECF 276) and Defendants' motion to amend pleadings and invalidity contentions (ECF 269); and (3) appoint a special master.

This case is of the utmost importance to Plaintiffs.  Since the early days of the COVID-19 pandemic, Defendants Pfizer and BioNTech have knowingly used Plaintiffs' breakthrough technologies without permission, amassing tens of billions of dollars in revenue.  With each day that passes without a resolution, Defendants benefit from illicitly using Plaintiffs' inventions in one of the most profitable pharmaceutical products ever launched without any payment to Plaintiffs.  Indeed, in a parallel action against Moderna relating to its COVID-19 vaccine, Moderna settled on the eve of trial for $2.25 billion.  The Defendants' COVID-19 vaccine Comirnaty, the accused product in this case, has had more than twice the sales of Moderna's vaccine, resulting in immense damage to Plaintiffs.

Plaintiffs filed their Complaint on April 4, 2023—over three years ago—seeking compensation for Defendants' infringement.  This case, however, has long been at a standstill, and

1

Plaintiffs respectfully request a scheduled trial date to bring resolution to this matter. Following this Court's claim construction order on September 9, 2025, (ECF 246, 247), the parties negotiated and submitted proposed case schedules last December. The proposed schedules included an agreed-upon close of fact discovery in May 2026. ECF 274. The Court, however, has not entered a schedule. While the parties substantially completed document discovery in late 2024 and have been engaged in written discovery, depositions have not yet begun, due largely to the pending motions. The parties filed five discovery motions, on which Judge Bongiovanni heard argument on August 6, 2025, October 17, 2025, March 4, 2026, and July 17, 2026, but they remain unresolved. ECF 243, 260, 294, 320.

Plaintiffs further understand, from the July 17, 2026 conference, that Plaintiffs' motion to amend infringement contentions and Defendants' motion to amend pleadings and invalidity contentions will be heard and decided at a later date. *See* Ex. 1, July 17, 2026 Hr'g Tr. 3:3-7. Depositions have not proceeded because the scope of the parties' depositions turn, in large part, on how the outstanding motions are resolved.

First, Plaintiffs respectfully request that the Court administratively reopen the case. On June 30, 2026, the Court administratively terminated this action "pending the 07/17/2026 status conference before the Magistrate Judge." ECF 316. That conference has now occurred.

Second, Plaintiffs respectfully submit that resolution of the discovery motions and the formal motions to amend need not precede entry of a case schedule and trial date. Plaintiffs believe that setting a case schedule and trial date now will not only provide the parties with a date certain by which the issue of Defendants' infringement will be resolved but will also help facilitate orderly resolution of the parties' outstanding disputes, as well as fact discovery and potentially this case as a whole. Additionally, Plaintiffs' motion to amend infringement contentions and Defendants' motion to amend invalidity contentions remain pending. As noted, these two motions present gating issues for the scope of depositions and are the primary reason depositions have not begun.

Third, Plaintiffs respectfully renew their request that the Court appoint a Special Discovery Master (ECF No. 300). Plaintiffs submitted this request initially in March 2026, and the Court declined to appoint a Special Master at that time. Plaintiffs believe that the appointment of a Special Discovery Master could alleviate any burden associated with the pending and future motions, conserve judicial resources, and help ensure continued progress toward trial. Plaintiffs remain available at the Court's convenience to discuss whether such an appointment would aid the efficient administration of this case.

We appreciate the Court's consideration and attention to this matter.

Respectfully submitted,

*s/ James S. Richter*

James S. Richter

Encl.

Cc: All Counsel of Record (by ECF)

2

# EXHIBIT 1

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION**

ARBUTUS PHARMA CORP., *et al.,* ) Case No. 3:23-cv-01876-ZNQ-TJB
                                         )
    Plaintiff,             ) Courtroom No. 6E
                                     ) Clarkson S. Fisher Building
v.                              ) & U.S. Courthouse
                                   ) 402 East State Street
PFIZER INC., *et al.,*      ) Trenton, New Jersey 08608
                                   )
    Defendants.          ) July 17, 2026
                                   ) 1:00 p.m.

TRANSCRIPT OF CASE MANAGEMENT CONFERENCE
BEFORE HONORABLE TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE

APPEARANCES VIA MICROSOFT TEAMS:

| | |
|---|---|
| For the Plaintiffs, | Midlige Richter LLC |
| Arbutus Pharma Corp. | By: JAMES S. RICHTER, ESQ. |
| and Genevant Sciences | 645 Martinsville Road |
| GmbH: | Basking Ridge, NJ 07920 |
| | |
| For the Plaintiff, | Quinn Emanuel Urquhart & Sullivan LLP |
| Genevant Sciences GmbH: | By:  F. DOMINIC CERRITO, ESQ. |
| | FRANK C. CALVOSA, ESQ. |
| | ERIC STOPS, ESQ. |
| | LUKE H. PHILLIPS, ESQ. |
| | 295 5th Avenue, 9th Floor |
| | New York, New York 10016 |
| | |
| ESR/Courtroom Deputy: | John Moller |
| | |
| TRANSCRIPTION SERVICE: | TRANSCRIPTS PLUS, INC. |
| | 435 Riverview Circle |
| | New Hope, Pennsylvania 18938 |
| | Telephone:  215-862-1115 |
| | e-mail CourtTranscripts@aol.com |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

2

```
APPEARANCES VIA MICROSOFT TEAMS:
(continued)

For the Plaintiff,      Morrison & Foerster LLP
Arbutus Pharma Corp:    By: ADAM R. BRAUSA, ESQ.
                        425 Market Street
                        San Francisco, CA 94105-2482

For the Defendant,      Walsh Pizzi O'Reilly Falanga LLP
Pfizer:                 By: LIZA WALSH, ESQ.
                        3 Gateway Center
                        100 Mulberry Street
                        15th floor
                        Newark, NJ 07102

                        Willkie Farr & Gallagher LLP
                        By:  SARA T. HORTON, ESQ.
                        300 North LaSalle Drive
                        Chicago, IL 60654-3406

For Defendant,          Gibbons PC
BioNTech SE:            By: WILLIAM DENI, ESQ.
                        One Gateway Center
                        Newark, NJ 07102

                        Winston Taylor
                        By:  CLAIRE FUNDAKOWSKI, ESQ.
                             CHARLES B. KLEIN, ESQ.
                        1901 L Street NW
                        Washington, DC 20036

                        Winston Taylor
                        By: ALISON KING, ESQ.
                        35 W. Wacker Drive
                        Chicago, IL 60601-9703

   (Additional attorneys were present although appearances were
                 not placed on the record)
```

THE COURT:  Thanks everyone for being available.  I know there are a number of issues that you have been waiting patiently for me to address.  And let me just start off by mentioning that the formal motions, I am going to -- I'm not going to address today.  So those have to do with the defendants' request to amend the invalidity contention, plaintiffs' request to amend the infringement contentions.  So I'm going to deal with those other issues that were, I think, entirely presented to me in letter fashion.

So I'd ask that whoever is speaking behalf of the parties, that you identify yourself at the outset.  And if someone else is going to also chime in, if you could identify yourself, as well.  Otherwise we'll just assume that one person is taking the lead.

So I guess let's get to it.  I'm going to start with the issue that pertains to -- I guess, it's combined in one letter, the issues regarding the documents from certain custodians, the minute appendices, and the privilege log.

So dealing with the appendices, just to clarify if I understand at the end of all of this discussion, whether it's relevant, not relevant, burdensome.  If I understand that the plaintiff has mentioned that there are -- none of the appendices prior to 2002 have been located.  I don't believe that the defendant has suggested that they had a duty to preserve prior to 2004.

4

So the question as to that time frame is why isn't -- if that's so, why isn't the plaintiffs' representation sufficient?

So let me first confirm from the plaintiff that I have that correct, that there is nothing prior to 2002.  And I guess while I'm babbling, that there is one appendice that seems to be missing from the years 2002 to 2007.

MR. PHILLIPS:  Yes, Your Honor.  Luke Phillips from Quinn Emanuel on behalf of plaintiffs.

That is correct.  You've -- you have the facts correct there.

THE COURT:  Mr. Phillips, is it you?  I can't hear you, and maybe it's me.

MR. PHILLIPS:  Apologies, Your Honor.

THE COURT:  Bear with me.

MR. STOPS:  You seem audible, Luke.

THE COURT:  Okay, got it.

MR. PHILLIPS:  Okay.  Your Honor, can you hear me now?

THE COURT:  Yes, I can; thank you.

MR. PHILLIPS:  Okay.

THE COURT:  I'm sorry, Mr. Phillips.

MR. PHILLIPS:  Luke Phillips on behalf of plaintiffs.

I was just saying, Your Honor, that that's correct.  The missing appendices are almost exclusively from 2001, with a

68

that I really so appreciate the way that you're bringing your issues to me. You're speaking about the issues. There's no chewing on the other person's ankle. And I can't emphasize enough how appreciative I am personally, and I'm sure every judge is, as well. I've been known when lawyers start screaming at each other, I hang up. Disconnect because I just can't do it.

So thank you very much. You make this part easy. I wish you well. I'm so sorry to have done this to you on a Friday. And this late in the afternoon. Go out and enjoy the wildfires of Canada. Got to get those masks out again.

Thanks, everyone.

MULTIPLE SPEAKERS: Thank you, Your Honor.

(Whereupon, at 2:44 p.m., the hearing was adjourned.)

<u>CERTIFICATE OF TRANSCRIBER</u>

I, KAREN HARTMANN, a certified Electronic Court Transcriber, certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/ *Karen Hartmann*

Karen Hartmann, AAERT CET   Date:   July 28, 2026

TRANSCRIPTS PLUS, INC.