FBT Gibbons

**William P. Deni, Jr.**
Partner
+1 973.596.4853 (t)
+1 973.639.8373 (f)
wdeni@fbtgibbons.com

August 14, 2026

**VIA ECF**

Honorable Zahid N. Quraishi, U.S.D.J.
United States District Court
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

**Re:** ***Arbutus Pharma Corp., et al. v. Pfizer Inc., et al.,***
**Civil Action No. 23-1876 (ZNQ) (TJB)**

Dear Judge Quraishi and Judge Bongiovanni:

This firm, along with Winston Taylor LLP, represents Defendant BioNTech SE in the above-referenced matter, and we write together with Walsh Pizzi O'Reilly Falanga LLP and Willkie Farr & Gallagher LLP, who represent Pfizer Inc. (collectively, "Defendants"). We respectfully submit this response to Plaintiffs' August 11 letter to the Court (ECF No. 324) ("Pls.' Ltr."), and in response to the Court's August 13 order (ECF No. 325.).

It is unfortunate that Plaintiffs' letter marks the third time in less than two months where they have written to the Court without first meeting and conferring with Defendants, or where we have had to correct Plaintiffs' mischaracterizations.[1]

In their August 11 letter, Plaintiffs make astounding claims about the damages they seek by referencing a settlement in another case made by Moderna. These statements and the cited dollar figures are disturbing given that Plaintiffs have yet to disclose their damages computation and theory to Defendants, despite being required to do so "without awaiting a discovery request." Fed. R. Civ. P. 26(a)(1)(A), (iii). The parties are currently conferring about this issue but may need to seek the Court's assistance. Suffice it to say that Defendants strenuously disagree with the allegation that they have "benefit[ed] from illicitly using Plaintiffs' inventions" or "knowingly used" any of Plaintiffs' technology, or that Plaintiffs even have any "breakthrough technology" of use to Defendants that is worth anything close to the numbers suggested by Plaintiffs. (Pls.' Ltr. at 1.)

**Case Schedule**. Plaintiffs ask that the Court hold a hearing to set a case schedule and trial date, but state that "depositions have not yet begun, due largely to the pending motions." (*Id.* at 2.) In particular, Plaintiffs submit "that resolution of the discovery motions and the formal motions to amend ***need not precede entry of a case schedule*** and trial date." (*Id.* at 2 (emphasis added).) We respectfully disagree, primarily for the same reason Plaintiffs themselves acknowledge: "the scope of the parties' depositions turn, in large part, on how the outstanding motions are resolved." (*Id.*) We agree that "Plaintiffs' motion to amend infringement contentions and Defendants' motion to amend invalidity contentions," in particular, "present gating issues" that will directly affect "the scope of depositions" and efficiency of fact discovery. (*Id.*) In Defendants' view, it therefore does not promote efficiency to set a schedule ***before*** the Court has ruled on those motions.

[1] Plaintiffs unilaterally submitted a letter on June 22—without the Court's direction—purporting to provide an update on the parties' outstanding discovery issues. In that letter, Plaintiffs incorrectly asserted that they "initially sought to submit this letter as a joint submission, but Defendants refused to join." (6/22/26 Ltr. from James S. Richter at 1). Defendants felt compelled to correct that statement in a responsive letter. (*See* 6/23/26 Ltr. from W. Deni). Plaintiffs then filed a letter submission on July 31 without meeting and conferring with Defendants. (ECF No. 322 at 1.) In that letter, Plaintiffs misconstrued the Court's statements from a July 17 hearing and contended that Defendants had somehow missed a deadline rendering their motion to compel moot. (*Id.*) Once again, Defendants submitted a responsive letter correcting Plaintiffs' mischaracterization. (ECF No. 323.) That correction would not have been needed had Plaintiffs met and conferred and had instead provided the joint "pulse check" that the Court had actually requested. (*Id.*)

**<u>Special Master</u>.** Plaintiffs also "renew their request that the Court appoint a Special Discovery Master." (Pls.' Ltr. at 2.) As Plaintiffs note, the Court previously declined to do so when Plaintiffs first made such a request in March 2026. (*See* ECF No. 300.) Since then, we note that the Court has invested considerable time and effort in the pending disputes and the parties presented their arguments on several discovery matters as recently as a month ago on July 17. (*See* ECF Nos. 320, 321.) Judge Bongiovanni has worked hard to handle numerous issues raised by the parties, including ruling on motions that had been pending, such as the January 27 Order on Defendants' Motion to Amend their Invalidity Contentions (ECF No. 289.) Defendants thank the Court for the time and attention paid to these matters and respectfully submit that the appointment of a Special Master to adjudicate disputes ***already pending*** before this Court would not promote efficiency. Defendants do not believe it would be efficient to start from the beginning on the pending disputes with a new adjudicator. For disputes that may need to be presented in the future, Defendants take no position and defer to the Court's preference as to whether a Special Master would be of assistance moving forward.

Defendants remain committed to resolving this matter efficiently and hope that Plaintiffs will engage constructively moving forward. We look forward to receiving the Court's guidance, and are available at the Court's convenience.

Respectfully submitted,

<u>s/ William P. Deni, Jr.</u>
William P. Deni, Jr.

cc: All counsel of record (via ECF)