**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ARBUTUS PHARMA CORP., *et al.*,**<br>Plaintiffs,<br>**v.**<br>**PFIZER INC., *et al.*,**<br>Defendants. | Civil Action No. 23-1876 (ZNQ) (TJB)<br><br>**ORDER APPOINTING SPECIAL DISCOVERY MASTER** |

**THIS MATTER** having been raised by Plaintiff's renewed request that a special discovery master be appointed (ECF Nos. 300, 324); Defendants having indicated that they take no position (ECF No. 326); the Court having previously found that the appointment of a special discovery master is appropriate in this case (ECF No. 333); the Honorable Jose L. Linares, U.S.D.J. (Ret.), having filed an affidavit under 28 U.S.C. § 455 and Fed. R. Civ. P. 53 (ECF No. 336); the parties having stated that they have no objection to the appointment of Mr. Linares or to the substance of his affidavit (ECF Nos. 340, 341); the Court finds that:

1. Pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), the Court may appoint a special discovery master to "address pretrial and post trial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."

2. "Although it is clear that the appointment of a special discovery master must be limited in scope and is not justified simply because of docket congestion or the complexity of factual and/or legal issues . . . utilization of a master is appropriate to perform some other time consuming or detailed tasks that the district court judge or a magistrate judge would be less efficient in accomplishing." *Luppino v. Mercedes Benz USA, LLC*, Civ. No. 09-5582, 2013 WL 5025229, at *3 (D.N.J. Sept. 11, 2013) (internal quotation marks and citations omitted).

3. Considering the procedural history of this matter, the complexity of the pending disputes, and the potential for significant discovery disputes in the future, it remains both necessary and appropriate to appoint a special discovery master in this case.

Accordingly, **IT IS** on this **17th** day of **September 2026, ORDERED** that:

1. Jose L. Linares, U.S.D.J. (Ret.), is appointed as special discovery master pursuant to Rule 53(a)(1)(C).

2. The special discovery master shall oversee the schedule for completion of discovery, all discovery disputes and motions related thereto, and any other matter which in the Court's discretion the Court refers to the special discovery master for resolution by way of Report and Recommendation to the Court, pursuant to procedures for practice that the special discovery master may establish and modify as necessary. Any appeal of an action or a decision made by the special discovery master shall be filed with the Court in accordance

with Rule 53. All appeals shall be resolved by the District Judge. The relevant standards of review shall be as set forth in Rule 53.

3. The special discovery master shall address all issues in any pending dispute, with the exception of the pending Motion for Reconsideration (ECF No. 334), which will be addressed by the Magistrate Judge. The special discovery master shall also address new discovery issues. Upon appointment, the special discovery master shall instruct the parties to provide him with a joint letter that provides a list of open disputes, with citations to the relevant docket entries embodying those disputes. The parties shall also file the joint letter on the docket.

4. The parties shall equally bear the costs relative to the special discovery master's resolution of any dispute. However, for good cause shown, the special discovery master may determine each parties' costs, which shall be proportional, in the special discovery master's good faith estimation, to the services rendered with respect to each party or reasonably based on other factors the special discovery master deems appropriate.

5. The special discovery master shall receive an hourly rate of $1,950 and shall be reimbursed for all reasonable out-of-pocket expenses.

6. To fulfill his responsibility efficiently and cost-effectively, the special discovery master may employ assistant lawyers at the special discovery master's law firm, selected by the special discovery master, under his supervision and control, and utilized at the special discovery master's sole discretion. The assistant lawyers shall each receive an hourly rate that shall not exceed $800. The lawyers who will be assisting the special discovery master will be Ryan Magee (hourly rate of $800), and Mark Makhail (hourly rate of $800).

7. The special discovery master shall submit invoices for his services, assistant lawyers' services, and out-of-pocket expenses monthly.

8. The special discovery master and his assistant lawyers shall not be subject to subpoena by any party, relating to their services for this case.

9. The special discovery master shall be entitled to communicate ex parte with the Court in his discretion. In connection with the special discovery master's role pursuant to this Order, the parties shall be bound by the same rules of ex parte communications as they are with the Court. The special discovery master may have ex parte communications with attorneys only regarding settlement and non-substantive and solely administrative matters.

10. All substantive hearings may be recorded by a court reporter subject to the special discovery master's preference and agreement of the parties.

11. Consistent with Rule 53(b)(2)(C), the special discovery master shall maintain a written record of his activities pursuant to this Order and the assigned tasks, including:

a. All orders, findings, reports, or recommendations to the Court;

b. Normal billing records of his time spent on this matter, with reasonably detailed descriptions of his activities and matters worked upon;

c. Any stenographic record;

d. All communications received from parties and non-parties; and

e. All communications with the Court.

**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**